### 20495. JOHNSON *v.* THOMPSON-STARRETT COMPANY.

STEPHENS, J. 1. Where it is the custom of an employer to transport the employees to and from work, and the employees, with the knowledge and consent of the employer, use a truck furnished or designated by the employer for this purpose, the inference is authorized that the transportation of the employees, whether expressly a part of the contract or not, is one of the incidents of the employment, and where one of the employees, while being so transported, is injured by falling or jumping from the moving truck, the inference is authorized that the injury arises out of and in the course of the employment. Daniel Donovan's case, 217 Mass. 76 (104 N. E. 431, Ann. Cas. 1915C, 778).

2. Whether an injury to one of the employees which occurs after the truck has proceeded beyond a point on the return journey where the employee has been accustomed to disembark for the purpose of going home arises out of and in the course of the employment, an injury received while he is disembarking at this point and before he has proceeded beyond it is an injury arising out of and in the course of his employment. Where, for the purpose of going home, the employee's custom has been to disembark from the truck at the intersection of two particular streets, without reference to any particular point or stopping place at the intersection, the employee does not proceed beyond the point of debarkation for the purpose of going home, and does not cease using the truck for this purpose where he, without any intention to proceed by the intersection of the streets where it is customary for him to disembark from the truck, fails to get off the truck at the first corner of the intersection when the truck stops there to let off other employees, but remains on the truck until after it proceeds further and has immediately turned into the other intersecting street, and then undertakes to leave the truck at this point by jumping from it while it is in motion. An injury received by him while thus jumping from the truck arises out of and in the course of the employment. Although the injury results from the voluntary act of the employee in jumping from the truck for the purpose of alighting while the truck is proceeding at about twelve or fifteen miles an hour, and after he has been warned by others that it is dangerous to alight from the truck, his act in alighting, under the circumstances, is not "wilful misconduct, including intentional self-inflicted injury," barring compensation, under section 14 of the workmen's compensation act.

3. It appearing from undisputed evidence in such a case that the injured employee did not remain on the truck after it passed the place where it was customary for him to disembark for the purpose of going home, the finding of the industrial commission that the injured employee "failed to get off [the truck] at the place where it was customary for him to get off, and rode past this place, [and] that the duty of the employer was finished, and that the act of riding further was voluntary on the part of the employee, and the accident was brought about by his own act and outside of his employment," was without evidence to support it and was contrary to law. It appearing that the industrial commission, in passing upon the claim for compensation, found that the truck was furnished by the employer in accordance with its custom to transport the employees to and from work, the facts as found by the commission and the undisputed evidence demanded a finding that the injury received by the employee as a result of his jumping from the truck, and which caused his death, arose out of and in the course of his employment. Under the undisputed evidence and the facts found by the commission the award of the commission denying compensation to the claimant, who was the employee's wife, was contrary to law, and the judge of the superior court erred in not sustaining the plaintiff's appeal.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1931. REHEARING DENIED FEBRUARY 28, 1931.

*Porter & Mebane,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.