### 26517. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *v.* LEMMING.

DECIDED JANUARY 22, 1938.   REHEARING DENIED FEBRUARY 17, 1938.

*Neely, Marshall & Greene, Barry Wright, John Meredith Graham Jr.,* for plaintiffs in error.

*Lanham & Parker,* contra.

FELTON, J. This is an appeal from a judgment of the superior court sustaining an award of the Department of Industrial Relations. The claimant suffered an injury to his one eye, which itself was affected with a cataract causing a loss of vision from 33-1/3 to 66-2/3 per cent. at the time of the injury. He testified that before the accident he was able to perform his work satisfactorily, and that he could saw to a line and drive a nail. The award was for total loss of vision in one eye, the other eye being blind at the time of the injury. The claimant was employed as a jack-of-all-trades by the employer, Primrose Tapestry Company. At the time of the injury he was engaged in cutting and transporting poles obtained from woods near the plant of the company, for the purpose of building a turkey-pen for the president of the company, at whose direction he was engaged as above stated when the injury occurred. The insurer contends that the award should be set aside because the injury did not arise out of and in the course of his employment or as an incident thereto. The president, W. H. Newton, was also chairman of the board of directors of the corporation. The other directors were his wife, his brother, and his brother's wife. The directors knew that Mr. Newton was raising turkeys and using mill labor in connection therewith. He testified that the employee was to do anything he instructed him to do, and that he had authority to direct the employee to do anything he saw fit, and that the officers and directors called on him to do "all their jobs," and that the odd jobs were not separated from his regular job of keeping the mill and houses in repair. The evidence did not disclose whether the woods whence the poles came were on the mill property or not.

Our view is that the award was authorized. It is undisputed that the president had authority from the company to have the work done, and that the doing of odd jobs for the officers was a part of the employee's employment by the company. The corporation had the right to furnish company labor to officers and directors, either without charge, or as additional compensation or

salary. The evidence did not show that the work the employee engaged in for the president was any more dangerous than that usually done for the mill. The writer of this opinion dissented in *Liberty Mutual Insurance Co.* v. *Neal,* 55 *Ga. App.* 790 (191 S. E. 393), for the reason that he did not think the superintendent in that case had the authority to use the employee or that the company ratified his acts. In this case the authority of the president is undisputed, as is the knowledge of the corporation that the officers used the employee in other than strictly mill business. The fact that the mill in the *Neal* case was somewhat interested in the wood was a secondary question. The case hinged primarily on the authority of the superintendent, and not on the mill's indirect interest in the wood.

The insurer also contends that the award should be for a partial loss of the eye, since it was already affected by a cataract at the time of the injury. We can not agree to this contention, as the evidence showed that the eye, though disabled, was doing a 100 per cent. job so far as it was concerned; and while an employee can not recover for more than the loss of one member when the other has previously been totally disabled, he can recover for the total loss of one member when it has previously been partially disabled, where a finding is authorized that in spite of the defect or impairment the previous disability did not result in incapacity, as it was in this case. The case of *American Mutual Liability Insurance Co.* v. *Brock,* 165 *Ga.* 771 (142 S. E. 101), is distinguishable, because the industrial commission there found that the incapacity resulted from the former injury or disability.

*Judgment affirmed.* *Stephens, P. J., and Sutton, J., concur.*