26992. SHIPLETT *et al. v.* MORAN.

DECIDED DECEMBER 3, 1938

*B. P. Jackson,* for plaintiff in error. *W. S. Mann,* contra.

STEPHENS, P. J. This is a claim for compensation by Mrs. C. C. Moran against Shiplett Lumber Company, arising out of the death of her husband. Compensation was awarded by the Department of Industrial Relations, and this award, on appeal by the defendant to the superior court, was affirmed. From the judgment of affirmance the defendant comes to this court on bill of exceptions.

It appeared from the evidence that the claimant's husband, Mr. Moran, who was a foreman at the defendant's sawmill, went under a shaft in the mill, and his jacket or jumper, which was loose, caught in the shaft and he was whirled around and received injuries from which he died. It was admitted on the hearing, and is conceded here, that the accident arose out of and in the course of the employment. No question is raised by the defendant, who is the plaintiff in error, as to the correctness of the award as respects the amount of compensation awarded and the manner of its award. The defense was predicated solely on the ground that compensation was barred by the acts or conduct of the deceased, in that his death was due to his wearing of his coat or jumper in a loose condition without the ends thereof being inside of his trousers, to his being intoxicated, and to a wilful breach by him of rules or regulations of the defendant prohibiting the employees wearing jackets or jumpers in such described condition, and drinking intoxicating liquor while on the job.

It is provided in the compensation act, Code, § 114-105, as follows: "No compensation shall be allowed for an injury or death due to the employee's wilful misconduct, including intentionally self-inflicted injury, or growing out of his attempt to injure another, or due to intoxication or wilful failure or refusal to use a safety appliance or perform a duty required by statute, or the wilful breach of any rule or regulation adopted by the employer and approved by the Department of Industrial Relations, and brought to the knowledge of the employee prior to the accident." The director of the Department of Industrial Relations, with the approval of the full board, found that the death of the claimant's husband was not due to his violation of any rule approved by the department, or to any wilful misconduct on his part, or to his being in a state of intoxication. The director found that the claimant's husband went under the shaft in the usual way, at a place where the employees were wont to go, and that "the overall jacket or jumper was the cause of his being wound around the shaft." If the evidence authorized these findings by the director, the judgment awarding compensation must be affirmed.

It appears conclusively from the evidence that no rule or regulation of the employer respecting the wearing by the employees, while on duty, of their jackets or jumpers in the condition described, or respecting their drinking or being intoxicated while on the job, was brought to the attention of or approved by the Department of Industrial Relations. The director was authorized to find that the claimant was not barred from compensation on the ground that the death of her husband was due to any breach by him of a rule or regulation adopted by the employer and approved by the Department of Industrial Relations.

The burden was upon the employer to establish the fact that the death of the claimant's husband was due either to his wilful misconduct or to his intoxication. It is not sufficient to authorize a finding that an employee's injury or death is due to his wilful misconduct or intoxication to show merely that at the time of the injury the injured employee was engaged in the performance of an act of wilful misconduct or was intoxicated. It is essential, in order to constitute a bar to compensation, on either of these grounds, that his injury or death was caused either by his wilful misconduct or by his intoxication. The wilful misconduct or the intoxication

must have been the proximate cause of the injury or death. *Ætna Life Ins. Co. v. Carroll,* 169 *Ga.* 333 (150 S. E. 208). The evidence by no means establishes conclusively and as a matter of law that the claimant's husband was, at the time of the receipt by him of the injuries which caused his death, in the performance of an act of wilful misconduct, or was intoxicated, or that any act of wilful misconduct on his part or his intoxication was the proximate cause of his death. Had the deceased been under the influence of liquor, or intoxicated to the extent that his condition might render him incapable of carefully conducting or taking care of himself, or such as would proximately cause the injuries which he received and which caused his death, it is inferable that his employer, G. O. Shiplett, the defendant, who saw him about a half hour before his death and talked with him, would have observed this condition, and would, in his testimony delivered before the director, have stated such fact. Mr. Shiplett failed to testify that the deceased was drunk when he saw him, but testified only that he did not "think about it until later," that the deceased's face was as red as a beet, that he looked "mighty funny," and "looked funny out of his eyes," and he "looked wild." While Mr. Shiplett testified that he had a rule against his employees drinking on the job, it does not appear from his testimony that he remonstrated with the deceased for drinking or being under the influence of liquor.

Besides, members of the family of the deceased testified that when he left home to go to his work, which was about an hour and a half before he was killed, he was not under the influence of liquor or intoxicated. Construing Mr. Shiplett's evidence most strongly against him, as must be done as he was a party to the case, it must be taken as evidence to the effect that the deceased, a half hour before he was killed, and at the time he was killed, was not in such a state of intoxication as would cause the injury which resulted in his death. While there was evidence from the testimony of other witnesses that the claimant's husband, a short time before the receipt of the injuries which caused his death, drank something from a bottle and was drunk and was staggering, this testimony, when taken in connection with the testimony of Mr. Shiplett and members of the claimant's family, was sufficient to make an issue of fact as to whether the deceased at the time of the injury was in

a state of intoxication sufficient to cause the injury. There was also evidence that the deceased went under the shaft with the tail of his jacket or jumper loose and outside of his pants, that the space which he went through at the shaft was narrow and small, and that, as he went through, the tail of his coat or jumper was caught in the shaft and he was whirled around and received the injuries which caused his death. The director was authorized to discount and reject the testimony of the witnesses who testified as to the deceased's intoxication, and to find that the injury received by the deceased and which caused his death was not due to intoxication. It therefore does not appear conclusively and undisputedly from the testimony that the death of the deceased was due to his intoxication, but to his act in going under the shaft with his coat or jumper in the described condition.

Wilful misconduct on the part of an employee which would bar compensation is defined in *Ætna Life Ins. Co.* v. *Carroll,* supra, as follows: "Wilful misconduct includes all conscious or intentional violations of definite law or rules of conduct, as distinguished from inadvertent, unconscious, or involuntary violations;" and "the general rule is that mere violations of instructions, orders, rules, ordinances and statutes, and the doing of hazardous acts where the danger is obvious, do not, without more, as a matter of law, constitute wilful misconduct." Wilful misconduct is more than mere negligence. While it appears from the evidence that there was a rule or regulation known to the deceased prohibiting employees from wearing their jackets or jumpers loose, and the tails thereof outside of the pants, and that Mr. Shiplett observed this condition in the dress of the deceased just before the time of his injury, it does not appear that he made any remonstrance. It appears that on one occasion previous thereto one of the employees called the claimant's husband's attention to the rule and regulation about the wearing of the jacket or jumper. It appears from the evidence that this rule was not enforced. It seems that it was more honored in the breach than in the observance. The act of the deceased, therefore, under these conditions, in wearing his jacket or jumper loose and with the tail outside of his pants, was not, as a matter of law, wilful misconduct in the sense in which that phrase is used in the Code, § 114-105, wherein it is provided that no compensation shall be allowed for injury or death due to the

employee's "wilful misconduct." It is clearly inferable from the evidence that the act of the deceased in wearing his jacket or jumper with the tail exposed, as it was when he went under the shaft, was a mere act of negligence and not an act of wilful misconduct. It does not appear therefore conclusively and as a matter of law from the evidence that the death of the claimant's husband was caused by his wilful misconduct.

The director was authorized to find that the death was not caused by his wilful misconduct or intoxication, but was caused by the mere negligent act of the deceased in going under the shaft with his jacket or jumper loose and with the tail not enclosed in his pants. Such negligence does not bar compensation. The award was authorized by the evidence, and the judge of the superior court did not err in affirming it.

*Judgment affirmed. Sutton and Felton, JJ., concur.*