27902.   EMPLOYERS LIABILITY ASSURANCE CORPORATION *et al. v.* JOHNSON.

DECIDED MARCH 15, 1940.  REHEARING DENIED MARCH 27, 1940.

*Neely, Marshall & Greene,* for plaintiffs in error.
*Edward F. Taylor,* contra.

STEPHENS, P. J.   Mrs. Dovie H. Johnson, for her husband,

Clayton T. Johnson, filed on Nov. 23, 1938, an application with the Industrial Board, based on a change in condition, against Wesleyan College, the employer, and Employers Liability Assurance Corporation, the insurance carrier. Before a hearing could be held thereunder on Nov. 27, 1938, the injured employee died. Three hearings were held on this claim, from which the following facts appeared: On January 13, 1938, Clayton T. Johnson, while employed as a bus driver for Wesleyan College, received an injury as he was getting off the bus when he slipped and fell, striking his groin against the door of the bus and causing his right testicle, which had previously been injured and on which there was a tumor, to begin swelling rapidly. The employer sent Johnson to Dr. A. R. Rozar for treatment on January 28, 1938, and on the next day this doctor performed an operation and removed the right testicle. The insurance carrier, on February 14, 1938, requested a hearing in the matter before the Industrial Board, to determine liability. On March 21, 1938, a hearing was held before Director Tucker, who, on April 29, 1938, found as a matter of fact "that the claimant . . sustained an accidental injury arising out of and in the course of his employment at Wesleyan College on January 13, 1938, when he started to step from the bus and fell and injured his right testicle; that claimant had suffered from an enlarged testicle for several years prior to the accident, which was caused by a cancerous growth, and immediately after the accident the testicle began enlarging rapidly; that the accident sustained by the claimant aggravated the pre-existing condition and disease and resulted in disability and the necessity of an operation." The director further found, "that Dr. Rozar, operated upon the claimant, and that on March 7 the claimant had received [recovered] from the injury and operation and was able to return to work;" and "that the claimant is now receiving x-ray treatment in order to prevent the recurrence of the malignant tumor, but that this treatment was not necessitated by the accident nor incurred within the first ten weeks following the accident; and therefore the employer and insurance carrier are not liable for the expenses of this treatment. This treatment was not necessitated by the accident, but by the malignant growth suffered by the claimant prior to the accident; and this director is constrained to hold that the employer and insurance carrier are not liable for the expenses of this treatment."

Johnson was awarded compensation for the time he was unable to perform his work, as a result of such accident and injury. He had already returned to work on March 7, 1938. At that time he was able to perform his work, but did not appear to be in as good health as before the accident, and he was not able to perform his work as well as before the injury. He worked for the college until it closed for the summer vacation on June 1, 1938. When the college opened for the fall semester on September 12, 1938, he returned to work and worked until September 29, 1938, at which time he was forced to quit because of physical incapacity. Thereafter, on November 18, 1938, he was admitted to a hospital for treatment for a cancer of the lung, and on November 27, four days after his wife had filed this claim for him, he died as a result of a cancer of the lung. The medical testimony was to the effect that the blow or lick which Johnson received to his right testicle on January 13, 1938, could and probably did cause a dissemination of loose malignant cells into the blood or lymph streams, and such cells passed thereby into other portions of his body; that when such cells leave a tumor and pass into other portions of the body they find lodging and finally grow into malignant tumor or cancer, and if not arrested will ultimately result in death; and that the malignant tumor or cancer of the lung which resulted in the death of Johnson was the result of one of these malignant cells lodging in the lungs. The director found as a matter of fact that the accidental blow to Johnson's right testicle on January 13, 1938, aggravated a pre-existing malignant tumor, which had caused no disability and was latent, and thereby caused such cells to become disengaged from the tumor and flow out into the blood stream and finally cause a cancer of the lung, which resulted in Johnson's death. The director found as a matter of fact that Johnson's death was due to the accidental injury which aggravated a pre-existing disease. The director, in addition to the award allowing compensation to Mrs. Johnson for the death of her husband, and for medical and burial expenses, also found as a matter of fact that Johnson had suffered a total disability as a result of the accidental injury from September 19, 1938, through November 26, 1938, and awarded compensation to Mrs. Johnson therefor.

The insurance carrier and employer appealed to the board, on the ground, among others, that the previous award was res judicata

of the claimant's right to prosecute the present claim. The board approved the award of the director, with Director Tucker dissenting. Thereupon the insurance carrier and the employer filed their appeal to the superior court, on the following grounds: "1. Because the Industrial Board acted without and in excess of their powers in making said award, it being the contention of appellants that the award of the Industrial Board dated April 29, 1938 (from which there was no appeal), became res adjudicata upon the question as to whether the disease with which the employee, Clayton T. Johnson, was afflicted resulted naturally and unavoidably from the accident sustained by Johnson on January 13, 1938; and inasmuch as the Industrial Board is without power to make temporary awards, it did not have the power or authority, under section 114-709 of the Code of Georgia for 1933, to entertain an application for compensation based upon an alleged change in condition; and the assumption of jurisdiction of said application by the Industrial Board was therefore illegal and void. 2. Because there is not sufficient competent evidence in the record to support the award of the Industrial Board, it being the contention of appellants that the evidence in the case demanded the finding that Clayton T. Johnson's disability and death resulted from the spreading of a disease, which disease the Industrial Board had ruled, on April 29, 1938, was not due to the accident of January 13, 1938. 3. Because the facts found by the Industrial Board do not support said award, it being the contention of appellants that the award of April 29, 1938, contained findings of fact contrary to those found by the Industrial Board in their last award; and as said award of April 29, 1938, had become final and was binding upon the Industrial Board, the Industrial Board was without power or jurisdiction to review or reconsider the case and make the award dated March 30, 1939. 4. Said award is contrary to law: (a) Because said award ignores and refuses to follow the previous award by the Industrial Board, dated April 29, 1938, which had become a final award in said case. (b) Because the previous award of the board, dated April 29, 1938, was res adjudicata of the rights of the claimants to prosecute the present claims for compensation." The superior court affirmed the award, and to this judgment the insurance carrier and the employer excepted.

The first award in this case, from which no appeal was taken,

adjudicated that Johnson was injured, and that such injury arose out of and during the course of his employment, and that the disability resulting from such injury was compensable. A finding by the director that the x-ray treatment given by a physician to prevent a recurrence of the malignant tumor which had existed before the accident, and which had been removed after the accident, was not necessitated by the accident or incurred within the first ten weeks following the accident, and a denial by the director that the employer and insurance carrier were liable for the doctor's bill for such treatment, which judgment or award was not appealed from, were not an adjudication that the accident was not the cause of the death of the claimant's husband. The claim filed by Clayton Johnson through his wife, on November 23, 1938, which was based upon a change in condition (Code, § 114-709), in which the claimant sought compensation for a total disability resulting from the accident, was not barred because of the previous award of Director Tucker, rendered in April, 1938, from which no appeal was entered. This case is entirely different from *Ætna Life Insurance Co.* v. *Davis,* 172 *Ga.* 258 (157 S. E. 449), and does not fall within the ruling there made. The former award did not adjudicate that the injured employee was not entitled to compensation upon a change in condition as a result of the accident which caused a pre-existing cancerous condition of his right testicle to flare up and become aggravated, but was an award allowing such employee compensation for the time during which he was disabled as a result of the accident, and necessarily finding that his disability for which he was awarded compensation was caused by an accident received as a result of his employment. Mrs. Dovie H. Johnson, the widow of the employee and his sole dependent, was entitled to recover the compensation due to the employee for total disability, from the time he became totally disabled as a result of a change in condition attributable to the accident which had been previously held by Director Tucker to have caused his injury, for which compensation had been awarded and from which he had recovered and gone back to work until his death, in addition to the award for the death of the employee as a result of such accident. If the employee suffers a compensable injury and returns to work, and thereafter suffers further disability which is the proximate result of the original injury received, such further disability is compensable. 71 C. J. 558, 614.

The aggravation, acceleration, or lighting-up of a pre-existing latent infirmity may constitute a disability of such a character as to come within the meaning of the workmen's compensation act, even though the accident would have caused no injury to a perfectly normal healthy individual. *Pruitt* v. *Ocean Accident & Guarantee Cor.*, 48 *Ga. App.* 730 (173 S. E. 238). In this case the director was authorized to find that the accidental blow to Johnson's right testicle accelerated the previous cancerous condition thereof to such an extent as to necessitate the removal of the testicle, and that this producd his disability, and that this disability would have remained latent for an indefinite time and would not have developed without such accident. The director was fully authorized to find that this accident caused a loosening of the diseased cells of the tumor, whereby they became disseminated throughout the blood stream, and lodged in the lung of the employee, causing a cancer which produced his death, and therefore that his death was directly attributable to the accident, was caused by the accident, and was compensable. The first award did not adjudicate that there could be no recovery where a previous diseased condition was caused to flare up, and was accelerated by an accident received during the course of the employment, where the disability and subsequent death were attributable to such aggravated diseased condition of the employee. 71 C. J. 603, 605, 606, 1440, 1441, and cit.; *United States Casualty Co.* v. *Matthews*, 35 *Ga. App.* 526 (133 S. E. 875). So the death of the employee may be regarded as having been caused by an injury, although there was a diseased condition before the injury without which the death would not have ensued. See 71 C. J. 609, note 69, and cit. It is immaterial that if the accident had not occurred the employee would or might have eventually, but at a later period, died as a result of such previous diseased condition. It has been held that death from a cancerous tumor existing at birth, and made malignant by an accident necessitating an operation and causing a clot of blood to travel to the lungs of the employee, was compensable. *Lewis* v. *Port of London Authority*, 111 L. T. 776. The award complained of in this case was supported by the evidence, and the director was not barred under the former award, which was not appealed from, from finding in favor of the claimant for the total disability caused by the accident up to the date of the death of her husband, and for the death benefits. The board did not err

.in affirming the award of the director, and the superior court correctly affirmed that ruling.

Judgment affirmed. Sutton and Felton, JJ., concur.

ON MOTION FOR REHEARING.

STEPHENS, P. J. It is contended by the plaintiffs in error that this court overlooked that part of the award of Director Tucker wherein he found as a matter of fact "that Dr. Rozar operated upon the claimant, and on March 7 the claimant had received [recovered] from the injury and operation and was able to return to work." The plaintiff in error contends that this finding, the award not being appealed from, was an adjudication that the claimant had recovered from any injury which he had sustained by reason of the accident, and therefore that Director Monroe was concluded, in the award appealed from in this case, from finding that the subsequent disability of Clayton T. Johnson, and his death, were due to the accidental injury received on January 3, 1938, which aggravated the pre-existing tumor on his right testicle. This court did not overlook this finding of fact of Director Tucker, and did not fail to consider it in affirming the judgment of the superior court. This finding of fact was not conclusive that the injured employee could not suffer a change in condition, and could not thereafter become disabled and then die as a result of the accidental injury which had caused his pre-existing diseased condition to become aggravated. This finding was only an adjudication that at that time the employee had recovered, in so far as his right to compensation at that time was involved, from the injury which resulted from the blow to his right testicle. Neither, as this court has held, was the finding of Director Tucker that the employer and the insurance carrier were not liable for the x-ray treatment given to the employee "to prevent the recurrence of the malignant tumor," because such "treatment was not necessitated by the accident nor incurred within the first ten weeks following the accident," conclusive as an adjudication that the employee could not thereafter suffer a change in condition as a result of the accident, and become thereby disabled and thereafter die. The Industrial Board is vested with a discretion in the matter of the allowance of expenses incurred by the employee for medical treatment more than ten weeks after the accident, based upon whether such treatment may tend to lessen the period of disability or not. Code, § 114-501, as amended by Ga.

L. 1937, p. 528; *United States Fidelity & Guaranty Co.* v. *O'Byrne,* 61 *Ga. App.* 806 (7 S. E. 2d, 689).

The director found as a matter of fact that the employee had recovered from the original injury received as a result of the accident, and had recovered from the operation to remove his testicle. The director was therefore authorized to find that, more than ten weeks having elapsed since the accident, the x-ray treatment "was not necessitated by the accident but by the malignant growth suffered by the claimant prior to the accident." The director was authorized to find that this x-ray treatment was to prevent a recurrence of the malignant tumor, and not a recurrence of the aggravated condition of the malignant tumor caused by the blow received on the testicle of the employee. This is the extent of the conclusiveness of such finding of the director. It is not a conclusive finding that the blow received by the employee to his testicle, which caused it to swell rapidly, to become aggravated, and to have to be removed, could not have so injured the employee that he could apparently have recovered from the injury, and that the malignant cells, loosened from the diseased testicle by the blow, would thereby be disseminated throughout his blood stream and become lodged in some part of his body, and that this condition would be latent and would not be apparent until another malignant cancerous condition would appear, as the director found did occur in this case. Code § 114-709, providing for a hearing and an award by the Industrial Board upon a change in condition, was enacted for just such a situation as has occurred in this case. The finding of Director Tucker that the employer and insurance carrier were not liable for the x-ray treatment afforded to the employee after he had apparently recovered from the injury received by him, which treatment was rendered more than ten weeks after the accident, is not res judicata and a bar to a proceeding under the Code, § 114-709, and an award thereunder. This court does not agree to the contention of counsel for the insurance carrier and the employer, that "if the insurance company was not liable [as found by Director Tucker] for the medical treatment to prevent the disease from spreading, then we fail to see how it could be held liable for the results produced by the spreading of the disease." This is not an entirely accurate statement of the facts in this case. The company could nevertheless be liable if the so-called "spreading" of the dis-

ease was a flare-up of a pre-existing condition caused by the accident. *Rehearing denied. Sutton and Felton, JJ., concur.*