33240. GEORGIA INSURANCE SERVICE *et al. v.* LORD.

DECIDED OCTOBER 26, 1950. REHEARINR DENIED DECEMBER 15, 1950.

*Reese, Bennett & Gilbert, Samuel A. Miller, Miller & Head,* for plaintiffs in error.

*Smith, Partridge, Field, Doremus & Ringel, Phillip S. Ringel, Hugh Carney,* contra.

GARDNER, J. 1. There is no merit in the contention of the employer and the insurance carrier that the finding of the board that the injury to the employee arose out of and in the course of his employment was not supported by the evidence. Such a finding, where supported by some evidence, is binding upon the superior court and upon this court and is conclusive. See *New Amsterdam &c. Co.* v. *Sumrell,* 30 *Ga. App.* 682 (118 S. E.

786); *Butler* v. *Mitchell*, 49 *Ga. App.* 315 (175 S. E. 271). The question whether the injury to the employee was caused by an accidental injury arising out of and in the course of the claimant's employment involves a question of fact, and there being no question of fraud here, such a finding by the board is conclusive if supported by the facts. See *Home Ind. Co.* v. *Googe*, 45 *Ga. App.* 302 (164 S. E. 479); *Standard Accident Ins. Co.* v. *Kiker*, 45 *Ga. App.* 706 (165 S. E. 850); *Maryland Casualty Co.* v. *Brown*, 48 *Ga. App.* 822. (173 S. E. 925).

The finding here cannot be said to be entirely without evidence to support it insofar as it found that the claimant employee sustained an injury which arose out of and in the course of his employment by reason of the fact that he had a hemorrhage in his left eye, caused by strain while at work for his employer, and immediately thereafter lost his sight in this eye. The claimant testified that his sight in this eye was not affected in any way prior to his doing this work late at night for his employer and that while so working he felt a sharp pain in this eye and that he has not been able to see out of the same since that time. Expert witnesses testified that claimant's sight, except that he could tell night from day, was gone from his left eye and that this loss of sight had been caused by a hemorrhage therein. It appeared that the previous permanent injury to his right eye, caused by glaucoma, in no way caused the condition in his left eye or affected the vision thereof. Dr. Hicks testified for the claimant to the effect that it was possible for a strain to have caused this hemorrhage, which strain resulted from working late at night over his books. He stated that there are cases on record where hemorrhages to the eye were caused by excessive strain, and that, assuming that the claimant could see before this hemorrhage in his left eye took place and could not see thereafter, he "would say it would have been the cause."

Dr. Calhoun testified that he did not know what caused this hemorrhage. In these circumstances, this court cannot say that the finding of the board that the injury suffered by the claimant, consisting of the loss of the sight in his left eye, arose out of and in the course of his employment was not authorized by some evidence, and that, as a matter of law, his injury did not arise out of and in the course of his employment.

2. The superior court has jurisdiction and authority on appeal to render final judgment on findings of fact by the board, sustained by evidence, and it is not required that the case be remanded to the board for further action in accordance with the opinion and judgment of that court, where the question was purely one of law and there were no further facts to be determined by the board. Code, § 114-710, and see *American Mutual Liability Ins. Co.* v. *Brock,* 35 *Ga. App.* 772(2) (135 S. E. 103).

3. Code § 114-408 provides that "If an employee who suffers an injury in his employment has a permanent disability or has sustained a permanent injury, such as specified in section 114-406, suffered elsewhere, he shall be entitled to compensation only for the degree of incapacity which would have resulted from the later accident if the early disability or injury had not existed." This court in *American Mutual Liability Ins. Co.* v. *Brock,* 35 *Ga. App.* 772 (supra), held that where an employee had previously sustained, at a time when he was 8 years of age, a permanent injury to his right leg, resulting in the loss of the foot and part of the leg below the knee, and that while working for the Gainesville Cotton Mills this employee had sustained another injury to his right leg, such employee was entitled to compensation for the loss of the use of his right leg "irrespective of the previous disability or injury." The Supreme Court granted a certiorari in the above case and on certiorari (*American Mutual Liability Ins. Co.* v. *Brock,* 165 *Ga.* 771, 142 S. E. 101), held that "properly construed, the language employed" in the above section "evidences an intention on the part of the General Assembly to subject employers only to liability for accidents, misfortunes, or injuries resulting to their employees during the time of service or employment, and the provisions of this section were evidently embodied in the act with this end in view," and that "if the language of" this section "be so construed as to render an employer liable for an injury accruing to an employee in his employment who has already been previously injured in a prior employment, just as if such employee had never been previously injured, the incorporation of this section in the act would be ineffectual and nugatory." The Supreme Court thereupon reversed this court. The court stated that "an employee who had already sustained a permanent

injury in a former and different employment should not recover compensation for the prior loss from one who was in no way chargeable therewith" and that any other ruling would render Code § 114-408 unnecessary. The court said that it was not the intention of the legislature by enacting this section "to provide a means by which an employee might collect compensation just as if he had never been injured or a previous disability had never existed, and thereby receive compensation just as if the prior injury had never been sustained." This court thereafter in the case of *Wisham* v. *Employer's Liability Assurance Corp.*, 55 *Ga. App.* 778 (191 S. E. 489), following the decision by the Supreme Court in the *Brock* case, held that where the evidence showed that the claimant had been blind in his right eye for a period of more than 20 years and was employed by his employer in that condition and while engaged in his employment sustained an injury to his left eye, resulting in a loss or impairment of his vision in that eye, amounting to 35 percent of his total loss of vision in that eye, and considering the total blindness in his right eye as a 50 percent loss of vision, that such employee was not entitled to compensation for 85 percent loss of his entire vision, and that the award of the board, approved by the superior court on appeal, that the employee was only entitled to a 35 percent loss of vision in his left eye, was correct and it was not error for the superior court to approve and affirm the same on appeal.

Applying these rulings to the present case, it was error for the judge of the superior court, on appeal by the claimant and employee, to change the award of the board and to render a final judgment ruling that the loss of claimant's vision in his left eye, he being blind in his right eye at the time he was employed and which injury had nothing to do with the subsequent injury to his left eye, entitled the claimant to an award for a permanent total disability and incapacity to work, in that he was thereby totally blind, and it follows that the board did not err in the award made, which was for compensation for the loss of the use of and sight in claimant's left eye, entitling him, under the provisions of Code § 114-406, to compensation.

This court is not unaware of the decisions of cases outside this State, including Branconnier's case, 223 Mass. 273 (111 N. E.

792), cited by counsel for the claimant. However; this court is bound by the provisions of Code § 114-408, as construed and applied by our Supreme Court in the case of *American Liability Ins. Co.* v. *Brock*, supra. If this law seems to be a harsh one, it is for the legislature to correct, and not this court.

The judgment reversing the award of the board is error.

*Judgment reversed.* *MacIntyre, P.J., and Townsend, J. concur.*