## 34165. MILLER *v.* INDEPENDENT LIFE & ACCIDENT INSURANCE COMPANY.

DECIDED JULY 16, 1952.

*T. Elton Drake, John M. Williams*, for plaintiff in error.
*Nightingale, Liles & Whittle*, contra.

GARDNER, P.J.   In the main, counsel for both sides agree on the facts.   The facts are not contested that the claimant sustained an accidental injury which arose out of and in the course of his employment and that such injury resulted in a sixty percent loss of the use of his right arm.   The question presented for decision is whether the claimant is barred by having received a lump-sum settlement with a previous employer.   Code § 114-404 reads: "When the incapacity to work resulting from an injury is total, the employer shall pay  .  .  to the employee during such total incapacity  .  .  and in no case shall the period covered by such compensation be greater than 350 weeks. .  ."   It will be noted that this section provides nothing about the permanency of the disability.   Code § 114-417 deals with lump-sum  settlements.   This  Code  section  provides  for  an

amount which would be equal to the sum of *probable* future payments in accordance with certain specifications. See *Lumbermen's Mutual Casualty Co.* v. *McIntyre,* 67 *Ga. App.* 666 (21 S. E. 2d, 446). The two Code sections to which reference is made hereinabove do not provide that a lump-sum settlement is res adjudicata. However, there are many decisions of the appellate courts to the effect that all facts of an agreement or award are res adjudicata except the condition of the claimant. Code § 114-406 (m) provides: "Loss of an arm, fifty per centum of the average weekly wages during 200 weeks." This is for the total loss or loss of the use of the arm.

We will next consider the provisions of Code § 114-408. It reads as follows: "If an employee who suffers an injury in his employment has a permanent disability or has sustained a permanent injury, such as specified in section 114-406 suffered elsewhere, he shall be entitled to compensation only for the degree of incapacity which would have resulted from the later accident if the earlier disability or injury had not existed." We might state here that this is the only Code section or provision under the Workmen's Compensation Act which makes provision for a second injury while the claimant is not in the employment of the same employer.

We have cited the three Code sections hereinabove because we felt that they applied more in sequence relative to the facts of the instant case. We will now cite certain other Code sections which might have a bearing also on this case. Code § 114-409 reads: "If an employee receives an injury for which compensation is payable, while he is still receiving or entitled to compensation for a previous injury in the same employment, he shall not at the same time be entitled to compensation for both injuries, unless the later injury is a permanent injury, such as specified in section 114-406; but he shall be entitled to compensation for that injury and from the time of that injury which will cover the longest period and the largest amount payable under this Title." That Code section provides for two injuries. It states that the claimant shall not be entitled to compensation for both injuries unless the second injury is "a permanent injury." In the instant case the first injury was not adjudged to be permanent. It was a temporary total disability award for

multiple injuries, whereas the second injury was determined to be a permanent injury. Code § 114-410 reads: "If an employee receives a permanent injury as specified in section 114-406, after having sustained another permanent injury in the same employment, he shall be entitled to compensation for both injuries, but the total compensation shall be paid by extending the period and not by increasing the amount of weekly compensation, and in no case exceeding 350 weeks. When the previous and subsequent permanent injuries received in the same employment result in total disability, compensation shall be payable for permanent total disability, but payments made for the previous injury shall be deducted from the total payment of compensation due." This Code section deals with two permanent injuries. We do not have two permanent injuries in the instant case. The first award in the instant case for the first injury distinctly stated that the award was for total disability for multiple injuries which were temporary for that the award provided that the maximum injury was not then determined. It is true that the finding of facts in the first award quoted evidence from witnesses that the loss of the use of the right arm was at that time one hundred percent, but the board did not make the basis of the finding the permanent status of the arm. It follows therefore, that the lump-sum settlement was not consummated on the theory that the injury to the arm was permanently one hundred percent loss of the use of the arm. In fact, subsequent developments showed that by medical treatment the arm was restored to sixty percent of its usefulness. It is true that this restoration occurred within the period of 350 weeks. It nowhere appears in this record or in any award of the board that the claimant received in the first award or in the lump-sum settlement any specified amount for the permanent loss of the use of his right arm. He received an award for multiple injuries for temporary total disability; the amount received for the permanent loss of the use of his right arm was not specified. As we have heretofore observed, the award under the lump-sum settlement was an amount which would be equal to the sum of probable future payments. We have observed also in this connection that the award was res adjudicata as to the condition of the claimant's right arm. Therefore, it appears to us, that if we

construe the provisions of the Workmen's Compensation Act so as to bar compensation for a second injury to the same member, where the claimant for the first injury has received a lump-sum settlement, and thereafter, by his own means, restored the use of such injured member, and then receives a second injury while in the employ of another employer, such construction would result in discouraging any effort on the part of one injured to seek restoration of his faculties. Distinguished counsel for the employer concede that there is no provision of the statute and no decision of the court to sustain such a principle of law that would permit, under such circumstances, the claimant to receive such compensation for a permanent second injury. We think a liberal construction of the law under the terms of the Code section quoted above would justify, if it does not demand, the award in the instant case for the permanent second injury as the board awarded. While we do not find any decision of the appellate court on all fours with this view, there are decisions which we think should be considered here. We must keep in mind that total temporary disability for multiple injuries is quite a different thing from compensation for a maximum total or partial permanent injury. The decisions we have in mind are: *American Mutual Liability Ins. Co.* v. *Brock*, 165 *Ga.* 771 (142 S. E. 101); *Wisham* v. *Employers Liability Assurance Corp.* 55 *Ga. App.* 778 (191 S. E. 489); *American Mutual Liability Ins. Co.* v. *Lemming*, 57 *Ga. App.* 338 (195 S. E. 312); *Dunn* v. *Hartford Accident &c. Co.*, 81 *Ga. App.* 283 (58 S. E. 2d, 245). We will not discuss these cases in detail for they speak for themselves. This court in *Dunn* v. *Hartford Accident &c. Co.*, supra, discusses the *Brock* case. In the *Brock* case the two injuries were permanent injuries superimposed one upon the other. See also, in this connection, *Georgia Insurance Service* v. *Lord*, 83 *Ga. App.* 28 (62 S. E. 2d, 402). In view of what we have said, the superior court erred in reversing the award of the State Board of Workmen's Compensation.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*