36512. THE BORDEN COMPANY *et al. v.* FUERLINGER.

Decided April 17, 1957.

558

*Smith, Field, Doremus & Ringel, Fulcher, Fulcher & Hagler, Richard D. Carr, DeJongh Franklin,* for plaintiffs in error.

*Thomas S. Pierce, Pierce Bros., Wallace Pierce,* contra.

QUILLIAN, J. ■ The employer and insurance carrier insist here, as they did in the superior court, that there was not sufficient competent evidence in the record to support the award in the claimant's favor, for the reason, as they contend, that the evidence conclusively showed that the claimant had, at the time of the hearing and when the award was entered, completely recovered from eczema contracted while in the employer's service, and was not to any extent disabled as a result of that attack of the disease. In this connection they maintain that the evidence submitted upon the hearing demanded a finding that any disease

resulting in the claimant's disability was a new disease contracted after she left the employer's service and entirely disconnected with her employment. The appellants still urge, as they did in the superior court, that the claimant is debarred of the right to recover compensation, because she failed to cooperate with the doctors furnished by the employer, and unreasonably failed and refused to accept medical treatment furnished by the employer.

The appellants complain that the compensation board acted "without and in excess of its authority" in making the finding of fact that the claimant's condition had reached maximum improvement.

We shall consider the exceptions presented to us in the light of the law embodied in Code (Ann.) § 114-823 (5), which reads in part: "Said report of the Medical Board upon original examination or upon appeal, as hereinbefore provided, shall become a part of the record in the case and shall be accepted by the State Board of Workmen's Compensation as conclusive upon the medical questions therein decided, and the award thereafter made by the State Board of Workmen's Compensation shall conform to the findings and conclusions in said report in so far as restricted to medical questions."

There having been no appeal from the finding of the medical board its decision became final as to the medical questions submitted to it.

The finding of that board that the claimant was twenty-five percent disabled was conclusive as to the extent of her disability. The finding that the condition of her hands was due to exposure to Lobax (Chlorine) precluded further investigation as to whether her disability arose out of and in the course of her employment. This is true because there was ample evidence in the record, and it was admitted by the parties to the record, that the claimant's original disability was caused by using Lobax (Chlorine) while working for the employer at its dairy, and there was no evidence that she came in contact with the Lobax at any time subsequent to the termination of her employment at the dairy.

■ The medical board did not determine the probable duration of the claimant's disability, that is, whether it was temporary or permanent. The question was, therefore, left open for decision

whether there was any competent evidence in the record to support an award that the claimant's disability caused by the occupational disease from which it resulted was permanent. There was evidence that after several years' treatment by the physicians furnished by the employer to the claimant the occupational disease and its disabling effects persisted. This fact of itself is evidence that the disease would continue to exist indefinitely and that the nature of the claimant's disability was permanent. True there was evidence that the claimant's condition had at times improved, but the proof submitted by her further disclosed that on each such occasion there was a recurrence of the disease manifesting itself in severe seizures and that its disabling effects had continued from the time the claimant left the employer's service. But there was concrete, explicit evidence in the record that the claimant's disability was permanent. A witness, Dr. Smith, who had at the request of the employer treated her over most of the period of disability testified that the condition would probably continue through the claimant's life.

■ The issue as to whether the claimant refused medical treatment is made under the provision of Code § 114-503: "No compensation shall be payable for the death or disability of an employee if his death is caused by, or in so far as his disability may be aggravated, caused or continued by, an unreasonable refusal or neglect to submit to or follow any reasonable surgical treatment by a competent surgeon."

The law is sound, but there is ample evidence in the record that the claimant conformed to the orders of the doctors furnished by the employer. Dr. Smith testified that the claimant had been a cooperative and obedient patient. He did explain that if the claimant's hands were not exposed to soaps or detergents of any kind they would probably become entirely clear of the eczema, but that it was probably necessary for her to come in contact with soap and water in doing house work, and it might be said she did not follow his instructions. He said he did advise the claimant to avoid detergents, soaps and other alkalis. While the evidence on the subject is so voluminous that it would be impractical to recount it all in this opinion, the claimant unequivocally and positively testified that she had complied with all the direc-

tions given her by the doctors and had done nothing contrary to their instructions. Several of her neighbors appeared as witnesses and corroborated her testimony in this behalf. Another neighbor testified to the contrary. A clear issue of fact was thus presented for the board to decide. It is a fact finding body and the issue was at home there. It has no place here because of the established rule that if there is competent evidence in the record to support the award of the compensation board it will not, unless for some other reason contrary to law, be set aside. This is held in numerous cases, the first of which was *New Amsterdam Cas. Co. v. Sumrell,* 30 *Ga. App.* 682 (118 S. E. 786).

■ The final question for decision is whether the award of the compensation board should be set aside because there was no evidence to support its finding that the claimant's condition had reached maximum improvement, or for the reason that the compensation board in making such finding acted without and in excess of its authority.

In some instances classification of the claimant's disability as temporary or permanent may be predicated upon evidence that improvement in the condition from which it results has progressed at the time of the hearing before the compensation board as far as it probably will, or the condition has, as frequently phrased, reached its maximum. This means, of course, "improve" as relates to the claimant's ability to work, not improvement in his health which does not affect his capacity to labor. In other cases where no definite conclusion is reached as to whether the condition of the claimant has reached maximum improvement there may still be sufficient evidence to authorize the finding of the board or one of its directors that the injury is not of a permanent nature.

The term "maximum improvement" is a mere phrase sometimes employed in expressing an opinion as to whether, according to the proof adduced, the claimant's disability is temporary or permanent.

As a separate, independent finding of fact, disassociated with the primary question as to the extent and probable duration of disability, a finding that maximum improvement has been reached has no place in workmen's compensation law. Where it is found

in the "finding facts" required to be made by the board under the provision of Code § 114-707 it should be construed simply as a finding upon which is predicated the adjudication as to the probable duration of the claimant's disability. Thus construed, the finding in this case, though apparently made as an independent finding of fact, did not prejudice any right of the employer or insurance carrier. It might be contended by the appellants that their rights were affected by the finding, independent of its being upon the question of the permanency of the claimant's disability, because it would shut them off from showing the contrary if the claimant applies for a lump-sum settlement. The probable historical background for the conception that there would be a determination of the question of whether "maximum improvement" in the claimant's condition had been reached, is that the State Board of Workmen's Compensation has, on occasions, held hearings to determine whether the claimant's condition had reached the peak or maximum improvement. No authority is by law conferred upon that body to require such a showing. Code § 114-417 prescribes the prerequisite to the granting of a lump-sum settlement as follows: "Whenever any weekly payment has been continued for not less than 26 weeks, the liability therefor may, when the State Board of Workmen's Compensation deem it to be to the best interest of the employee or his dependents, or where it will prevent undue hardship on the employer or his insurance carrier, without prejudicing the interest of the employee or his dependents, be deemed, in whole or in part, by the payment by the employer of a lump sum which shall be fixed by the Board, but in no case to exceed the commutable value of the future installments which may be due under this law." When the State Board of Workmen's Compensation or one of its directors has awarded the claimant compensation for a designated number of weeks, such award is an adjudication of the probable duration of the claimant's disability, and no showing as to how long it will probably continue is then necessary to an award allowing the compensation to be paid the claimant in a lump sum. Where the duration of the claimant's disability has not been adjudicated by a previous award, its probable duration is a matter for consideration by the compensation board on application for a lump-sum settlement.

It follows that, prior to the final payment of compensation awarded the claimant, or until they adjudicate that the claimant is entitled to a lump-sum settlement, the question of whether the condition which causes disability, temporary or permanent, may be opened and reviewed on a request by the employer for a hearing to determine whether there has been a change in the claimant's condition. Upon such hearing, no previous finding that the claimant has reached maximum improvement is an adjudication serving to preclude an award that, since a previous award that the claimant was disabled to a stated extent, there has been a change in the claimant's condition in respect to his ability to labor. So the employer's and insurance carrier's rights in that respect were not affected by the finding in this case that the claimant had reached maximum improvement.

What is written in reference to the employer's or insurance carrier's right to have an award which adjudicates the claimant's disability reviewed on application to determine if there has been a change in his condition, is not applicable to the time in which the claimant may apply for a hearing to determine a change in his condition.

Code (Ann.) § 114-709; *Globe Indemnity Co.* v. *Lankford*, 35 *Ga. App.* 599 (134 S. E. 357) ; *Miller* v. *Independent Life & Accident Ins. Co.*, 86 *Ga. App.* 538 (71 S. E. 2d 705).

Had the board been authorized by law to adjudicate as an independent issue that the forward progress of the claimant's condition of disability had reached its peak of improvement, the evidence submitted in this case would have warranted the finding of fact that it had reached that stage.

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. I concur in the judgment and in most of what is stated in the opinion. I concur in what is said with reference to a finding on maximum improvement in so far as it is consistent with my special concurrence in *Travelers Insurance Co.* v. *Haney*, 92 *Ga. App.* 319 (88 S. E. 2d 492). I do not concur in the ruling on the question of what is or is not a prerequisite of an award of a lump-sum settlement because there is no such question in this case, and any attempt to rule on that matter is obiter.