44013. ARGONAUT INSURANCE COMPANY et al.
v. WILSON.

ARGUED OCTOBER 9, 1968—DECIDED JANUARY 31, 1969.

Greene, Buckley, DeRieux, Moore & Jones, Thomas B. Branch, III, for appellants.

Chance, Maddox & Collins, R. F. Chance, for appellee.

JORDAN, Presiding Judge. The first settlement, for a compensable injury sustained in the same employment on or about September 12, 1964, is expressly based on the formula for a partial incapacity, as provided in Code § 114-405, as amended, commuted to a lump sum.

Code § 114-408 provides that "If an employee who suffers an injury . . . has a permanent disability or has sustained a permanent injury, such as specified in section 114-406, suffered elsewhere, he shall be entitled to compensation only for the degree of incapacity which would have resulted from the later accident if the earlier disability or injury had not existed." As viewed by the Supreme Court this section shows an intent on the part of the General Assembly to subject an employer to liability only for an accident, misfortune, or injury during the time of service or employment. See American Mut. Liab. Ins. Co. v. Brock, 165 Ga. 771 (142 SE 101). We do not consider the section applicable to the present situation, involving a second injury in the same employment, whether the second

injury be an entirely separate injury or an aggravation of the previous injury.

*Code* § 114-410, as amended, expressly covers a situation involving an employee who has received a permanent injury cognizable under *Code* § 114-406, i.e., the loss of specific members, or specific functions, who then sustains another permanent injury in the same employment. This also is not the situation here shown, for the first injury is recognized as one compensable under *Code* § 114-405, as amended, instead of *Code* § 114-406, as amended.

This leaves for consideration *Code* § 114-409, which provides that "If an employee receives an injury for which compensation is payable, while he is still receiving or entitled to compensation for a previous injury in the same employment, he shall not at the same time be entitled to compensation for both injuries, unless the later injury is a permanent injury, such as specified in section 114-406; but he shall be entitled to compensation for that injury and from the time of that injury which will cover the longest period and the largest amount payable under this Title."

The employee received two injuries in the same employment. The settlement for the first injury, which is unqustioned and conclusive, recognizes the claimant's entitlement to compensation for that injury in periodic instalments at the same time and covering in part the same period for which compensation would be payable for the second injury but for the limitations of *Code* § 114-409. The settlement of this entitlement by an approved lump-sum payment in no way eliminates the time period involved in the entitlement. The limitations in *Code* § 114-409 are twofold. The first applicable limitation is that the employee "shall not at the same time be entitled to compensation for both injuries, unless the later injury is a permanent injury" to a specific member (not shown here to be the case). Under this limitation the employee here cannot receive compensation at the same time for both injuries. Under the second limitation, however, he is entitled to compensation "for that injury and from the time of that injury which will cover the longest period and the largest amount payable under the Title."

Considering these limitations together we think that the board was obligated, under the circumstances here shown, to allow credit for the compensation already paid to the extent that the settlement duplicated the larger periodic payments allowable for the second injury, as well as credit, to discharge the employer's total obligation to the employee, in terms of compensation for that injury and from the time of that injury which will cover the longest period and the largest amount payable. As the board failed to apply the provisions of *Code* § 114-409, the lower court erred in affirming the award.

*Judgment reversed. Pannell and Deen, JJ., concur.*