### 49810. BARRY v. AETNA LIFE & CASUALTY COMPANY et al.

MARSHALL, Judge.
Claimant appeals the denial of his claim for

workmen's compensation. The record shows that claimant had a history of back trouble that started in 1966 when he received an injury to his back while working in a restaurant in Hyannis, Massachusetts. He filed a claim under the workmen's compensation laws of that state and received between $3,000 and $4,800, the exact amount being disputed. Claimant then moved to Florida, and after working intermittently "two weeks here, two weeks there," he began work in another restaurant in Ft. Lauderdale in 1971. On the first day of employment he again injured his back and made a claim for workmen's compensation under Florida law and received $5,000 to $9,000. Again he disputes the exact amount. He then moved to Atlanta, Georgia, and obtained employment in the restaurant at the Sheraton-Biltmore Hotel. On the first day of work he again injured his back while lifting meat weighing 35 pounds, and this injury is the subject of the present claim. All three of these injuries were to the same area of the back.

At the hearing, the claimant testified that he told the chef at the Biltmore who hired him that he was "down in my back, but I can do light work . . . I can't do heavy lifting . . . all I want to do is some light things." He also testified that when he started work he "felt good" and was confident that he could do the work but that this would be a test period of work for him to see if he could go back to work.

The director entered findings and denied the claim. The denial was approved by the state board and after once being remanded for additional findings, the superior court affirmed.

The claimant enumerates errors in that the following findings of the director are not supported by the evidence: (1) "that the claimant has not carried the burden of proving that he sustained an accident and injury which arose in and out of the course of his employment," (2) that the claimant "had not been released by the treating physician to return to his former employment" in Ft. Lauderdale, and (3) that "any disability that the claimant may presently have was preexisting or brought on by this disregard of the medical recommendations." *Held:*

We agree with claimant that the record does not support the first two findings enumerated above. The testimony of the claimant was that he was on the job and following the instructions of the chef when he lifted the meat that resulted in his back injury. This testimony is not supported by other witnesses, but it is not rebutted by the employer, and is therefore accepted as fact. The record also shows that claimant had been released by the physician who treated him in Florida for his injury there. The doctor's dismissal narrative, dated February 11, 1972, states, "This patient is being dismissed as of this date; . . . he . . . is now ready for dismissal . . . It is my opinion this patient has reached full maximum medical benefits and may be released from treatment." Except for some medication, heating pads and a back brace, the claimant was not under care of this doctor when he came to Atlanta or at the time of the injury.

However, the evidence does support the director's finding that claimant's disability was pre-existing and brought on by his disregard of medical recommendations. The claimant admitted that he had been told by his doctor in Florida to seek only sedentary type work. But this finding does not result in the legal conclusion that the claim be denied.

"No compensation shall be allowed for an injury or death due to the employee's wilful misconduct . . ." Ga. L. 1920, p. 177; 1931, pp. 7, 43 (Code § 114-105). " 'The general rule is that mere violations of instructions, orders, rules, ordinances and statutes, and the doing of hazardous acts where the danger is obvious, do not, without more, as a matter of law, constitute wilful misconduct . . . Such violations or failures or refusals generally constitute mere negligence, and such negligence, however great, does not constitute wilful misconduct or wilful failure or refusal to perform a duty required by statute, and will not defeat recovery of compensation by the employee or his dependents.' " *Armour & Co. v. Little,* 83 Ga. App. 762, 766 (64 SE2d 707). See also *Lumbermen's Mut. Cas. Co. v. Lynch,* 63 Ga. App. 530 (2) (11 SE2d 699); *Shiplett v. Moran,* 58 Ga. App. 854 (200 SE 449); *Johnson v. Thompson-Starrett Co.,* 42 Ga. App. 739 (157 SE 363). The evidence shows that

claimant told his employer that he could do only light work. The claimant was following the instructions of his supervisor when he lifted the meat and his supervisor knew of his back condition. It had been over a year since his back operation (a "Lumbar laminectomy and discectomy at L 4, 5 left") and eight months since he was released from treatment. Under these circumstances, even if this amounts to "disregard of the medical recommendations" his attempting to return to work was not "wilful misconduct" such as to bar his coverage under the Workman's Compensation Act. "To hold otherwise would penalize the claimant for attempting to continue working even though hurt to some extent." *Aetna Cas. & Sur. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907).

In addition, the fact that the claimant had a pre-existing injury does not bar his recovery for a second injury. Instead the courts have held that "the aggravation of a pre-existing infirmity, whether congenital or otherwise, is compensable." *Thomas v. Ford Motor Co.,* 123 Ga. App. 512, 514 (181 SE2d 874); *Employers Liability Assur. Corp. v. Johnson,* 62 Ga. App. 416 (2) (8 SE2d 542). The aggravation of a previous injury by continued work is a "new accident." *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174 (196 SE2d 129); *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332 (177 SE2d 125); *Pruitt v. Ocean Acc. &c. Guarantee Corp.,* 48 Ga. App. 730 (3) (173 SE 238).

While the claim for an aggravated pre-existing injury is not prohibited, it is limited by Code § 114-408 which we deem applicable to this injury. (Code § 114-409 does not apply because the amendment thereto, Ga. L. 1974, pp. 1143, 1151, cannot be applied retroactively. Code Ann. § 114-410 does not apply because the claimant's injuries are not permanent injuries as specified under Code Ann. § 114-406.) Code § 114-408 provides: "If an employee who suffers an injury in his employment has a permanent disability or has sustained a permanent injury, such as specified in section 114-406, suffered elsewhere, he shall be entitled to compensation only for the degree of incapacity which would have resulted from the later accident if the earlier disability or injury had not existed." While claimant has not sustained

a permanent injury under Code Ann. § 114-406, the evidence indicates he suffered a partial "permanent disability" as a result of his prior injuries.

The courts have interpreted this Code section so as "to subject employers only to liability for . . . injuries resulting to employees during the time of . . . employment" and not to compensate the employee as if the prior injury had never occurred. *American Mut. Liability Ins. Co. v. Brock,* 165 Ga. 771 (142 SE 101); *Georgia Ins. Service v. Lord,* 83 Ga. App. 28 (62 SE2d 402). " '[W]here an employee has sustained two permanent injuries superimposed one upon the other, and the injuries have been sustained in different employments, in determining the extent of the employee's disability attributable to the injury received during his last (current) employment, the Board of Workmen's Compensation should first determine the total disability found to exist after the last injury, determine the disability found to exist after the earlier injury sustained elsewhere and subtract the latter from the former, thereby arriving at the extent of disability to be attributed to the last injury and compensated by the last employer.' " *Dunn v. Hartford Acc. &c. Co.,* 81 Ga. App. 283, 287 (58 SE2d 245). See also *Miller v. Independent Life & Acc. Ins. Co.,* 86 Ga. App. 538 (71 SE2d 705). Here we have no attempt made by the finder of fact to determine the extent of disability of the claimant's previous injuries, the amount and rate of compensation awarded in each instance, and whether the injury was temporary or permanent. Nor is there any evidence to support a finding of total disability resulting from the claimant's present injury. The only testimony in this regard was from the deposition of a doctor to the effect that he would not be able to do work requiring bending or lifting, but "he might be able to do something light, like a night watchman." The degree of disability, if any, is undetermined. See *Brock, Dunn* and *Miller,* supra, as to the duties of the finder of fact in this regard.

" 'Where it affirmatively appears that the award is based upon an erroneous legal theory, and that for this reason the board has not considered all of the evidence in the light of correct and applicable legal principles, the case should be remanded to the board for further findings

. . .' " *General Motors Corp. v. Hargis,* 114 Ga. App. 143, 144 (150 SE2d 303).

We must therefore reverse the order of the superior court and remand the case to the state board to enter findings and conclusions consistent with the above.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED OCTOBER 1, 1974 — DECIDED NOVEMBER 21, 1974 — REHEARING DENIED DECEMBER 13, 1974 —

Aynes, Burger, Genins & Kirby, Richard R. Kirby, for appellant.

*Skinner, Wilson, Beals & Strickland, Warner R. Wilson, Jr., Earl B. Benson, Jr.,* for appellees.

ON MOTION FOR REHEARING.

MARSHALL, Judge.

On motion for rehearing appellee has questioned the applicability of Code § 114-408 to prior injuries (claimant's injuries to his back) which are not specified handicaps under Code Ann. § 114-406. In other words, does Code § 114-408 apply *only* to Code Ann. § 114-406 injuries? Neither in *American Mut. Liability Ins. Co. v. Brock,* 165 Ga. 771 (142 SE 101) nor in any other case that we have found has this issue been squarely presented and decided. Most of the cases applying Code § 114-408 involve Code Ann. § 114-406 injuries. See e.g., *American Mut. Liability Ins. Co. v. Brock,* 165 Ga. 771, supra (leg); *Georgia Cas. & Sur. Co. v. Speller,* 122 Ga. App. 459 (177 SE2d 491) (eye); *Georgia Ins. Service v. Lord,* 83 Ga. App. 28 (62 SE2d 402) (eye); *Dunn v. Hartford Acc. &c. Co.,* 81 Ga. App. 283 (58 SE2d 245) (eye); *American Mut. Liability Ins. Co. v. Lemming,* 57 Ga. App. 338 (2) (195 SE 312) (eye); *Wisham v. Employers Liability Assur. Corp.,* 55 Ga. App. 778 (191 SE 489) (eye). However, none of those cases prescribe the applicability of Code § 114-408 to Code Ann. § 114-406, exclusively, and there are some cases which indicate that Code § 114-408 may apply to other types of injuries as well. *Argonaut Ins. Co. v. Wilson,* 119 Ga. App. 121 (166 SE2d 641); *General Motors Corp. v. Hargis,* 114

Ga. App. 143 (2) (150 SE2d 303); *Miller v. Independent Life & Acc. Ins. Co.,* 86 Ga. App. 538 (71 SE2d 705).

In addition the language of the statute itself (". . . if an employee . . . has a permanent disability or has sustained a permanent injury, such as specified in section 114-406 . . .") indicates that Code § 114-408 applies to "permanent disabilities" which are different from Code § 114-406 "permanent injuries." It is noted that the phrase "such as specified in section 114-406" refers only to "permanent injury" in Code Ann. §§ 114-409 and 114-410.

We find no other provision of the Workmen's Compensation Law as it existed at the time of this injury that protects this employer from successive "suffered elsewhere" disability claims by permitting it credit for prior incapacitating injuries. See *Argonaut Ins. Co. v. Wilson,* 119 Ga. App. 121, supra, as to the necessity of credit being given for prior injuries.

Furthermore, even though the *Brock* case, supra, deals with a Code Ann. § 114-406 injury, the court stressed the necessity of ascertaining "the degree of incapacity which resulted from the first accident or injury." *Brock,* supra, p. 776. We agree with appellee that "incapacity" means earning incapacity not physical incapacity. We also note that "incapacity" is the word used in Code Ann. §§ 114-404 and 114-405, under which this claimant's injuries fall. The director did not determine the claimant's "incapacity" resulting from his prior injuries. Instead, he grounded his *denial* of the claim, inter alia, on the findings that "the claimant has received compensation benefits from" other states and "any disability that the claimant may presently have was pre-existing." Our decision to reverse is based on this error as well as other clearly erroneous findings and legal conclusions, and the portion of our opinion dealing with the amount of compensation due, if any, was intended as guidance in this area should the issue be reached on remand.

We note that with the amendment of Code § 114-409 in Ga. L. 1974, pp. 1143, 1151, by the deletion of the "same employment" requirement, that Code Ann. § 114-409 will in the future apply to the situation where a claimant suffers a prior injury anywhere. In the future, the

distinction between Code § 114-408 and Code § 114-409 must be that in the latter the employee is "still receiving or entitled to compensation for a previous injury" while in the former the employee is no longer entitled to compensation but has a residual incapacity which must be considered in determining the award for the second injury.

*Motion for rehearing denied. Deen, P. J., and Stolz, J., concur.*