TRAVELERS INSURANCE COMPANY *et al. v.* HURT.

No. 8928.   DECEMBER 19, 1932.

*McDaniel, Neely & Marshall* and *Harry L. Greene,* for plaintiffs in error.

*Wohlwender & Calhoun,* contra.

Beck, P. J. ■ In the workmen's compensation act it is provided: "Where the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such total incapacity a weekly compensation equal to one half his average wages," etc. And in the next section: "Except as otherwise provided in the next section hereafter, where the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee, during such incapacity, a weekly compensation equal to one half the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than twelve dollars a week," etc. Ga. L. 1920, p. 183, secs. 30, 31; Park's Code Supp. 1922, §§ 3154(dd), 3154(ee). These two sections of the compensation act are antithetical; or, as was said by this court in *Cato* v. *Ætna Life Insurance Co.,* 164 *Ga.* 392 (138 S. E. 787), "Total disability is the antithesis of partial disability. One is the opposite of the other." These provisions of the law contemplate that it is the extent of the injury received by the employee which shall determine the compensation which he shall receive. If there is a total disability resulting from an injury, the employee shall receive the compensation under section 30; but if there is partial incapacity, he is to be compensated under the provisions of section 31. The nature and extent of the disability resulting from the injury received determine under which one of these two sections the employee shall be compensated, and the determination of that question is not dependent upon his ability to find employment. The first question certified by the Court of Appeals, therefore, is answered in the negative.

■ The language in sec. 45 (Park's Code Supp. 1922, § 3154 (ss)), providing for a review of awards on the ground of "a change in condition" refers to a change in the condition of the injured em-

ployee. To construe it otherwise might entitle one who had been only partially incapacitated for work to the compensation of one who had been totally incapacitated, in the event of a change of economic conditions existing in the country which would throw a workman out of employment. The fact that in the instant case the injured employee was discharged from his employment, and, as a result of his physical condition which had not changed but which was due to the injury sustained, is unable to obtain employment, would not bring the case within the provisions of § 3154(ss). The second question, therefore, is also answered in the negative.

*All the Justices concur.*