## 22170. METROPOLITAN CASUALTY INSURANCE COMPANY et al. v. OWEN.

STEPHENS, J. 1. This was an appeal from an award of compensation made by the industrial commission upon an application for compensation based on a change in condition, and it appearing from the evidence adduced on the hearing before the commission that the claimant had suffered a partial disability due to an accident causing a hernia and for which he had been awarded compensation, that since the hearing upon which the first award was made and before the hearing on the second application, the condition of the claimant had changed and his physical condition had become worse, and that although he had performed some labor before the first award, he afterwards became unable to work, the inference is authorized that the claimant had suffered a change in condition; and although there was evidence in the testimony of physicians upon the second hearing that the claimant could work and that his capacity for work had been only partially impaired, there was evidence that the claimant had, since the first award, suffered a recurring hernia and severer and additional pains on account of the injury, and which had recurred more often, and that by reason thereof he could not hold out to work and could not do anything, and was not able to work and could not obtain work because he was unable to work. The inference is authorized that the claimant had suffered a total incapacity for work, and the finding of the commission awarding compensation for a total disability was authorized. By an application of the rules laid down in Travelers Ins. Co. v. Hurt, 176 Ga. 153 (167 S. E. 175), and General Accident &c. Co. v. McDaniel, 44 Ga. App. 40 (160 S. E. 554), the finding of the commission making the award, is authorized. The appeal from the award raises only the contentions that the industrial commission acted in excess of its powers, that the facts found by the commission did not support the award, that the evidence was insufficient to support the award, that the award is contrary to law, and that the evidence demanded a finding that the claimant was not totally disabled. No exception is taken to the form of the award, or to the finding of the commission on the ground that the commission did not find that the claimant's incapacity for work was due to his physical disability to work. See Ragland v. State, 111 Ga. 211 (36 S. E. 682); Newberry v. Tenant, 121 Ga. 561 (49 S. E. 621); Callaway v. Atlanta, 6 Ga. App. 354 (2) (64 S. E. 1105); Empire Cotton Oil Co. v. Continental Gin Co., 21 Ga. App. 16, 18 (93 S. E. 525).

628

2. The superior court did not err in affirming the award of the commission.

*Judgment affirmed.  Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 25, 1933.

ADHERED TO ON REHEARING, MARCH 4, 1933.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiffs in error. *Branch & Howard, Thomas B. Branch Jr.,* contra.

ON REHEARING.

STEPHENS, J.  The commission held that "there is evidence that the employee is in fact totally disabled, the opinion of the physician as to the probable reduction in earning capacity on account of the disability is not conclusive, but is merely indicative of the fact that there is disability."  While the commission does hold that the disability is such that the employee has not been able "to secure work suitable to his impaired condition," the commission holds that "the evidence shows that the employee in fact is totally incapacitated for competitive labor."  A proper construction of this finding is that the employee, by reason of his physical handicap, is unable to work in the sense of inability to work as used in the compensation act. In the *Hurt* case, supra, the commissioner who heard the case found that the testimony showed that the injured employee, "due to his impaired physical condition, which was caused by said injury, has been unable to earn any money at all," and that he is entitled to compensation under section 31 "until he is physically able to return to work, or until such time as employment can be furnished him by the employer, or through his own efforts he can secure employment." The full commission affirmed this award of the commissioner and stated that the commissioner's "award was not based on a change in physical condition but on change in the actual earnings of the employee," and that "Hurt clearly had a change in his earning capacity and, being unable to secure work suitable to his impaired condition, is entitled to compensation under section 31 as for temporary total disability, since he has no earnings at all."  The commission in the *Hurt* case did not find a physical impairment that prevented the employee from labor.  The commission in the case under consideration found that the claimant had suffered a total incapacity to work, due to his physical condition.

*Judgment adhered to on rehearing.  Jenkins, P. J., and Sutton, J., concur.*