26076. WISHAM *v.* EMPLOYERS LIABILITY ASSURANCE CORPORATION *et al.*

DECIDED MAY 15, 1937.

*Ed Wohlwender Jr.,* for plaintiff.
*Neely, Marshall & Greene,* for defendants.

FELTON, J. This case came to this court on exception to an affirmance by the superior court of an award by the industrial commission. The evidence introduced by the plaintiff showed that he had been blind in his right eye for a period exceeding twenty years, that he was blind in that eye at the time he was employed; and that he had suffered an injury to his left eye during the course of his employment, the injury to the left eye resulting in a 35 per cent. loss of vision in that eye. The evidence of the physician who testified treated the vision in the right eye as being 50 per cent. of the total vision, and the vision in the left eye as being 50 per cent. of the total vision. He testified that the injury complained of, rendering the vision in the left eye 35 per cent. deficient, rendered the plaintiff 85 per cent. disabled. An award was made for a 35 per cent. disability, which was affirmed by the superior court. The plaintiff contends that he should be awarded compensation on the basis of an 85 per cent. disability, and for seven additional weeks total disability.

We are unable to agree to these contentions. The Supreme Court of this State, in *American Mutual Liability Insurance Co.* v. *Brock,* 165 *Ga.* 771 (142 S. E. 101), said: "Properly construed, the language employed in section 34 of the workmen's compensation act of 1920 (Acts 1920, p. 167) evidences an intention on the part of the General Assembly to subject employers only to liability for accidents, misfortunes, or injuries resulting to their employees during the time of service or employment, and the provisions of this section were evidently embodied in the act with this end in view. (*a*) If the language of section 34, supra, be so construed as to render an employer liable for an injury accruing to an employee in his employment who has already been previously injured in a prior employment, just as if such employee had never been previously injured, the incorporation of this section would be ineffectual and nugatory. (*b*) Under the provisions of the workmen's compensation act, the findings of fact by the industrial commission are final and conclusive." Under these rulings it was not error for the superior court to affirm the award of the industrial commission. Code, § 114-408.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*