34471. FEDERATED MUTUAL IMPLEMENT & HARD-
WARE INSURANCE CO. *v.* WHIDDON *et al.*

Decided April 11, 1953.

**14**

*Whelchel & Whelchel*, for plaintiff in error.

*T. Elton Drake, John M. Williams, George D. Stewart*, contra.

SUTTON, C. J. ■ It is contended that the superior court erred in affirming the award because the award was equivocal, uncertain, not positive, and defective in substance as well as in form, in that it directed the employer "and/or" the insurer to pay compensation to the claimant. The award plainly states that the claimant is entitled to compensation, and there is no question as to whom he was employed by at the time of his injury, nor as to his employer's being insured by Federated Mutual Implement & Hardware Insurance Company at the time of the injury for which he was awarded compensation. Code § 114-607 provides in part: "No policy or contract of insurance shall be issued unless it contains the agreement of the insurer or insurers that it or they will promptly pay to the person entitled to same all benefits conferred by this Title and all installments of the compensation that may be awarded or agreed upon. . . Such agreement shall be construed to be a direct promise by the insurer or insurers to the person entitled to compensation, enforceable in his name." The above-stated contention of the plaintiff in error is without merit.

■ It was agreed on the hearing that Whiddon's salary was $55 per week, plus commissions in an undetermined amount, and it was further agreed that the employer would furnish a letter showing the commissions earned by Whiddon for the period of 13 weeks prior to the accident of December 20, 1951, and he was to submit the letter first to counsel for the insurer. The letter was not submitted to the insurer's counsel, and the employer stated in the letter that Whiddon's commissions averaged $5.07 per week from September 30, 1950, through Septem-

ber 30, 1951; this was not the 13-weeks period prior to the accident. The letter did not meet the terms of the stipulation, and it was not in accordance with the methods prescribed by Code (Ann.) § 114-402 for determining the average weekly wage of an employee. As contended by the insurer, the finding that the claimant was earning $60.07 per week was not supported, in its entirety, by the evidence. However, it is also conceded that this finding would have no effect on the award in the present case, for it was agreed that the claimant's weekly salary was at least $55, and this amount exceeded the earnings of $48 per week which would have authorized the maximum award of $24 per week for total incapacity, under Code § 114-404. The insurer contends that, should the claimant later be found to have only partial incapacity, for which his compensation would be computed at half the difference between his earnings before the injury and his earnings afterwards (Code § 114-405), then the finding made in the present case, that his earnings before his injury were $60.07, might be res judicata. As stated in *Miller* v. *Independent Life &c. Co.*, 86 *Ga. App.* 538, 540 (71 S. E. 2d, 705), "All facts of an agreement or award are res adjudicata except the condition of the claimant." This contention is meritorious, and we direct that the superior court remand the case with direction that the finding be made as demanded by the stipulated facts: that the claimant, prior to his injury of December 20, 1951, was earning $55 per week plus an undetermined amount of commissions. This will not change the award in the present case and will leave the exact amount of commissions earned to be determined when the question may arise.

■ The insurer complains of the findings that the claimant suffered no disability as the result of the accident of September 27, 1951, and that, if he was suffering from any residuals caused by the accident of September 27, 1951, they were not disabling, on the ground that these findings were not supported by any competent evidence. The evidence showed that the claimant first injured his back on September 27, 1951, while lowering the side of a heavy peanut rake in the course of his employment as a mechanic by Johnson Motors. The claimant had to quit his work because of the pain in his back, and he was treated by Dr.

L. O. Shaw, a chiropractor, until November 17, 1951. Dr. Shaw diagnosed the injury as a ruptured disk between the fourth and fifth lumbar vertebrae, and testified that, on November 17, the claimant was practically well of his symptoms. The claimant testified that he had gotten the catches out of his back and that the pain had quit going down his leg. However, the claimant was not completely relieved and was referred to Dr. George R. Gish, of Atlanta, who recommended solid bed rest, as Dr. Shaw had done. About a week or ten days after seeing Dr. Gish, the claimant returned to work with Johnson Motors in the parts department, where he would not have to lift anything weighing more than 50 pounds, and he was being paid the same amount for his work then as he was paid before his first injury. The claimant testified that, when he went back to work in December, he was taking care of his back injury. Dr. Gish stated that, in his opinion, the residual of the first injury was probably re-initiated by Whiddon's second lifting attempt. The claimant was earning the same salary and was performing his duties satisfactorily on December 20, 1951, when he received his second injury while attempting to move a large parts bin.

The contention made by the insurer is that, since the claimant was admittedly doing lighter work and was favoring his back when he returned to work in December after sustaining his first injury in September, he was therefore still disabled at that time as the result of his first injury (which was not covered by the policy issued by the insurer on December 4, 1951). It is further contended that the claimant would thus be entitled, if at all, to compensation only for the degree of incapacity which would have resulted from the later accident if the earlier disability or injury had not existed, as provided by Code § 114-408; and it is also urged that the claimant's present disability is an unbroken continuation of the disability resulting from the first injury on September 27, and so was not covered by the policy issued by the insurer on December 4.

Code §. 114-408 is inapplicable here, for the "earlier disability or injury" referred to is, in the terms of that section, a "permanent disability" or injury which the employee has sustained elsewhere, and neither the employee's first nor his second injuries are here contended to have resulted in permanent disability.

The injury to the claimant's back was not one of the injuries to specific members scheduled in Code § 114-406, but was compensable either under Code § 114-404, providing for total incapacity, or under Code § 114-405, providing for partial incapacity. It has been uniformly held that the incapacity referred to in §§ 114-404 and 114-405 is loss of earning capacity due to the injury and not due to the employee's unwillingness to work or to economic conditions of unemployment. *Austin Bros. Bridge Co.* v. *Whitmire*, 31 *Ga. App.* 560 (121 S. E. 345); *General Accident Fire &c. Corp.* v. *McDaniel*, 44 *Ga. App.* 40 (160 S. E. 554); *Lumbermen's Mutual Casualty Co.* v. *Cowart*, 81 *Ga. App.* 423 (59 S. E. 2d, 15). As said in *Blue Bell Globe Mfg. Co.* v. *Baird*, 61 *Ga. App.* 298, 300 (6 S. E. 2d, 83): "Loss of earning power is the basis for an allowance of compensation. Incapacity has been said to exist by reason of inability to procure employment as well as incapacity to perform the service. Compensation under the Workmen's Compensation Act depends on diminution of earning capacity. The word 'disability' as used in the act means impairment of earning capacity." And it was ruled in *American Mutual Liability Ins. Co.* v. *Hampton*, 33 *Ga. App.* 476 (1) (127 S. E. 155): "There is no recognition of the elements of pain and suffering, or of increased discomfort and difficulty in performing the labors for which wages are paid after the injury; and as long as the average of these remain the same or more than those previously received, the law allows no compensation through the machinery of the Industrial Commission." Under these definitions of disability, applicable to the present case, and where the evidence showed that the employee had returned to work at the same wages as he received prior to his first injury and was satisfactorily performing the work, the finding of fact that the claimant was not disabled when he returned to his work in December was authorized.

■ The superior court did not err in affirming the award of the Board of Workmen's Compensation.

*Judgment affirmed with direction as indicated in division two, supra. Felton and Worrill, JJ., concur.*