36247.   BETHLEHEM STEEL COMPANY *v*. DEMPSEY.

DECIDED OCTOBER 1, 1956.

*Walter G. Cooper, John Sammons Bell,* for plaintiff in error.
*Joe Salem,* contra.

NICHOLS, J.   The employer contends that once an employee has received the maximum number of weeks of compensation allowable under Code § 114-404 as amended by the Acts of 1937, 1949 and 1955 (Ga. L. 1937, pp. 528, 531; Ga. L. 1949, pp. 1357, 1358; Ga. L. 1955, pp. 210, 211; Code, Ann. Supp., § 114-404), that he may never again receive compensation whether the loss of a *member* is involved in the previous awards or not.   It has been held that where a person has lost a part of his leg in a previous injury, whether such previous loss involved workmen's compensation or not, and due to an injury arising out of and in the course of his employment he loses the remaining part of that leg he can only receive compensation for the part of the leg lost as the result of the latter injury and not for the loss of the entire leg.   See *American Mutual &c. Ins. Co.* v. *Brock,* 165 *Ga.* 771 (142 S. E. 101).   This same rule has been applied to the loss of eyesight. *Wisham* v. *Employers Liability Assurance Corp.,* 55 *Ga. App.* 778 (191 S. E. 489).   Compensation in such cases is controlled by Code § 114-406 as amended by the Act of 1955 (Ga. L. 1955,

pp. 210, 212; Code, Ann. Supp., § 114-406) and Code § 114-408. However, no cases have been found construing the Georgia Workmen's Compensation Act (Code, Ann., Ch. 114), as to the question presented in the present case. *Where an employee has received the maximum compensation allowable under Code § 114-404, supra, for a total incapacity, is he eligible for additional compensation for another injury occurring after a lapse of time greater than the number of weeks for which compensation was paid?*

Code §§ 114-409 and 114-410 deal only with the loss of *members* for which compensation is provided under Code § 114-406, supra, and are therefore not under consideration in the present case since it has been held that the compensation allowable under Code § 114-404 for a total incapacity is distinguished from a disability, such as the loss of a *member* for which compensation is allowed under Code § 114-406. See *Federated Mutual &c. Ins. Co.* v. *Whiddon*, 88 *Ga. App.* 12, 16 (75 S. E. 2d 830) and cases cited. Code § 114-408 deals with a permanent disability for which compensation is allowed under Code § 114-406. Code § 114-406 does not deal with an incapacity, except in that it allows, in addition to the compensation for the industrial handicap, compensation, not to exceed ten weeks, for total incapacity (presumably for the period of time required for the *wound* to heal).

Code § 114-404 deals with the amount of compensation allowable for an injury and the maximum compensation allowable in each case; it does not set forth the amount of compensation allowable to an employee from all injuries and in all cases involving that employee. Therefore, in view of what has been said above, and in view of the fact that the act is to be liberally construed in order to effect its general purpose (*Van Treeck* v. *Travelers Ins. Co.*, 157 *Ga.* 204, 121 S. E. 215; *Austin Brothers Bridge Co.* v. *Whitmire*, 31 *Ga. App.* 560, 121 S. E. 345), this court must hold that the limit referred to in Code § 114-404 is the limit for which compensation may be paid as the result of one injury and not the limit that an employee can draw regardless of the number of injuries he may be unfortunate enough to suffer.

Accordingly, the judgment of the Superior Court of Fulton County was not error for any reason assigned.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle and Quillian, JJ., concur. Felton, C. J., dissents.*

FELTON, C. J., dissenting. Code § 114-404, in my opinion, provides for a maximum payment of compensation to compensate for total and *permanent* incapacity to work. The section has always been so construed and if that construction is not correct the law does not cover total and permanent incapacity. The other sections and decisions dealing with temporary total and permanent partial incapacity bear out this view.

Code § 114-404 does not mean that the compensation therein provided for is to cover total incapacity which lasts for the number of weeks stated. It means that if an employee is permanently and totally incapacitated to work for the rest of his life he shall be entitled to a limited amount of compensation which is permitted to be paid in instalments over a period of time presumably in the interest of the injured employee. The provision for the payment of the compensation in instalments over a limited period does not alter the fact that one limited sum is provided for a total and permanent incapacity in the same kind of employment. An employee is bound by an adjudication of total and permanent incapacity and if he accepts the compensation payable thereunder, he is forever barred from collecting additional compensation, partial or total, from any employer. To hold otherwise would be to encourage and invite frauds of the worst kind. Code § 114-410 provides against double recovery for partial permanent disability when two successive injuries add up to permanent total disability and Code § 114-408 provides against double recovery for partial permanent injuries. It is inconceivable to me that the law would limit an employee who was totally incapacitated for life to a maximum amount and permit one who was adjudicated to be totally and permanently incapacitated and who was paid the maximum to go back to work and recover additional compensation for a second partial or total disability. If an employee obtains the benefit of an award for total and permanent disability he is bound by it. The employer who pays it is bound by it and is protected by it. A second or other employer is likewise protected or the purposes of the law are defeated. Code § 114-404 contemplates that the maximum compensation shall be paid to an employee who is totally and permanently incapacitated for life and there can be but one such disability. If an employee obtains such award for an adjudicated total and permanent incapacity,

it is binding on him whether the adjudication is correct or not. If the witnesses, board and courts erred, he has reaped the fruits of the erroneous award and is estopped to deny its correctness.