38182.  UNITED STATES FIDELITY & GUARANTY
COMPANY *et al. v.* MOTES.

DECIDED MAY 10, 1960.

*Henry A. Stewart, Sr.,* for plaintiffs in error.

*E. Lamar Gammage, Smith, Field, Ringel, Martin & Carr, Richard D. Carr,* contra.

BELL, Judge.   Under Code § 114-710, the orders of the State Board of Workmen's Compensation may be appealed, but the findings of fact made by the members shall in the absence of fraud be conclusive if there is any competent evidence to support them.

The testimony of the claimant shows that he was working full time and under full employment at the time of the accident; that the accident occurred in the course of his employment, and that

the accident was of a serious nature in that while traveling at 60 or 65 m.p.h. the car in which he was riding was hit; that he was "thrown around" in the car and "smashed against the dashboard" and his back "smashed with great force" against the gear shift; and that prior to his employment he had no trouble with his back or difficulty in performing his employment duties. The evidence further shows that following the accident he was treated by a doctor but that he soon went back to work and continued to work for several months and that during this time his back continued to get progressively worse. The claimant was unable to find employment and was unable to do manual labor. He was examined by several doctors, and although they agreed that there was evidence of a long-standing abnormal condition in relation to the claimant's back, they testified that the automobile accident could have caused the injury or an aggravation which would be the cause of the present disability. A competent doctor further testified that the claimant was totally disabled for manual work.

On a careful reading of the testimony and evidence which was before the Workmen's Compensation Board, it is clear that the findings of fact made by the board were sustained by the evidence, and the findings of fact form a proper basis for the award. While the testimony of the doctors for the respective parties was conflicting, the testimony of the claimant and his doctors authorized the finding in favor of compensation.

The contention of the employer and carrier that because the claimant had been rated as 70% disabled by the Veterans' Administration he could not be entitled to more than 30% disability under Georgia law is not meritorious. The compensation law compensates for loss of earning capacity, not physical disability as such. In this case the claimant had been working regularly for over seventeen years in spite of his Veterans' Administration rating. The evidence authorized the finding that the back injury arising out of and in the course of employment impaired his earning capacity completely. Thus the requirements of our law were met. *Federated Mutual Implement &c. Ins. Co.* v. *Whiddon*, 88 *Ga. App.* 12 (3) (75 S. E. 2d 830).

The superior court did not err in affirming the award.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*