### 40009.   GENERAL MOTORS CORPORATION
### v. HARRISON.

DECIDED APRIL 2, 1963—REHEARING DENIED APRIL 23, 1963.

*King & Spalding, William H. Izlar, Jr.,* for plaintiff in error.
*Smith, Field, Ringel, Martin & Carr, Richard D. Carr, Williston C. White,* contra.

RUSSELL, Judge. ■ In *American Cas. Co. v. Herron,* 102 Ga. App. 658, 660 (117 SE2d 172) this court stated that under three conditions only could an employer fulfill its obligation as to payment: by producing "(1) a final settlement receipt or other like agreement between the parties changing the terms of the original agreement, approved by the board; (2) evidence that the statutory amount, or the amount called for under the agreement, has been paid in full, or (3) an order of the board changing or allowing discontinuance of the compensation." The employer is, however, entitled to full credit for any week in which the employee has returned to work and worked for the same or higher wages. *Complete Auto Transit, Inc. v. Davis,* 106 Ga. App. 369 (126 SE2d 909). It should be observed that the first category mentioned in *Herron* is virtually meaningless as applied to settlement agreements, since as a matter of practice the board does not approve final settlement receipts, nor is there any provision for such a method of disposing of the claim in the compensation law. "No contract or agreement, written, oral or implied, nor any rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part from any obligation created by this Title, except as herein otherwise expressly provided." *Code* § 114-111. The act does expressly provide for agreements to pay compensation (§ 114-705) for attorney's fees (§ 114-714) and for lump sum settlements (§ 114-417), all of which must be approved by the board as a prerequisite to their enforceability.

In the present case it is undisputed that the claimant has suffered a permanent injury which precluded him from working at the type of employment last offered him, although he had

670

been able to perform lighter labor for approximately a year; that his disability still exists; that no new award or approved agreement has been entered, and that the claimant has not been been paid. It follows that there was no burden on the claimant here to show a change in his physical (as opposed to his economic) condition in order to be entitled to a resumption of payments. He is entitled to continuance of total disability payments provided the evidence does in fact show a continuance of total disability.

■ "The word disability as used in the compensation law means impairment of earning capacity. *Blue Bell Globe Mfg. Co. v. Baird,* 61 Ga. App. 298 (6 SE2d 83). Thus a partial physical disability may result in a total loss of earning capacity. *Employers Liability Assurance Corp. v. Hollifield,* 93 Ga. App. 51 (90 SE2d 681)." *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746, 753 (113 SE2d 611). In *Wilson* it was held that the evidence was insufficient to show a total loss of earning power at the time of the hearing, so that an award requiring resumption of payments under *Code Ann.* § 114-404 was unauthorized, and left open the question of an award of compensation for partial loss of earning capacity under *Code Ann.* § 114-405. "The incapacity is total so long as the injured employee, by reason of and on account of his injury, is unable to do any work of any character, and so long as he remains, for such reason, unable either to resume his former occupation or to procure any other sort of remunerative employment suitable to his impaired physical condition. *Austin Bridge Co. v. Whitmire,* 31 Ga. App. 560 (2) (121 SE 345)." *General Accident &c. Corp. v. McDaniel,* 44 Ga. App. 40 (160 SE 554). "Where an employee has received an injury compensable under the compensation law, but is not thereby rendered totally unable to perform the work for which he was employed, but because of such partial incapacity he is not employed and is unable to obtain work, he has not suffered total incapacity compensable under that law." *Travelers Ins. Co. v. Hurt,* 176 Ga. 153 (1) (167 SE 175).

The claimant testified on this hearing that he was satisfactorily performing light work commensurate with his ability, and had been doing so for approximately a year, when the position he

was filling was made unavailable to him for reasons not within his control or the control of the employer. It is therefore apparent that the claimant is not totally disabled, and is still able to perform work similar in nature to that which he had been doing, since his physical condition has not changed. Under *Wilson, McDaniel* and *Hurt,* supra, loss of work which the claimant is capable of performing for reasons not connected with his physical condition does not alone entitle him to be paid on the basis of total disability under *Code Ann.* § 114-404. We are not dealing here with a situation involving "made work"—that is, where the employer takes back an employee who is in fact totally disabled and, to use an illustration suggested by the plaintiff in error, sets him to cutting out paper dolls for a period of time and then discharges him. The labor involved here was regular work offered by the employer but which did not require stooping, bending, and lifting of heavy weights, and it was performed satisfactorily by the claimant for an extended period of time. It follows that the evidence does not sustain an award finding the employee totally disabled from performing remunerative labor.

The judge of the superior court erred in affirming the award directing payment of compensation under *Code Ann.* § 114-404. The case should be remanded with direction to enter a new award for compensation for partial disability under *Code Ann.* § 114-405, as is pointed out in the dissenting opinion filed in the award of the full board on the appeal to that body.

*Judgment reversed with direction. Felton, C. J., and Eberhardt, J., concur.*