40756. GENERAL MOTORS CORPORATION v. BOGGS.

DECIDED JUNE 18, 1964.

*King & Spalding, John V. Skinner, Jr.,* for plaintiff in error.
*Owens & Porter, William J. Porter, Jr.,* contra.

NICHOLS, Presiding Judge. The finding of fact of the deputy director included a finding that the claimant should try light work and the award as amended by the full board awarded compensation for a total incapacity to labor to continue until the maximum compensation had been paid, "or until there is a change in condition or until the claimant is furnished light work he is capable of doing or is able to obtain light work."

The sole contention of the employer is that in view of the finding of fact that the claimant should try light work, the award should have been based on *Code Ann.* § 114-405 for a partial incapacity to labor rather than under *Code Ann.* § 114-404 for a total incapacity to labor.

In *Travelers Ins. Co. v. Hurt,* 176 Ga. 153 (1) (167 SE 175), it was held: "Where an employee has received an injury compensable under the compensation law, but is not thereby rendered totally unable to perform the work for which he was employed, but because of such partial incapacity he is not employed and is unable to obtain work, he has not suffered total incapacity compensable under that law." In the present case the claimant was found totally disabled to perform the work he was doing at the time he was injured and while, according to the testimony of the claimant's medical witness, the claimant could do work which would not involve lifting more than twenty-five pounds or an extensive amount of bending and stooping (requiring motion in the lumbo sacral and sacroiliac joints), the testimony of the employer's claim adjuster was that, while he knew of jobs available which required lifting less than twenty-five pounds, he did not know of any that did not require either

stooping, bending or twisting. Accordingly, the present case is not one where the claimant was partially incapacitated to perform the work he was employed to do as in the case of *Travelers Ins. Co. v. Hurt*, 176 Ga. 153, supra, but involves a *total incapacity to perform such work* although he is physically able to perform lighter work. "Thus, a partial physical disability may result in a total loss of earning capacity." *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746, 754 (113 SE2d 611). In *Employers Liab. Assurance Corp. v. Hollifield*, 93 Ga. App. 51, 53 (90 SE2d 681), a case which also dealt with a back injury, it was held: "The record fails to show that the claimant was fitted for, was offered, or could have procured, any work other than her previous work which did involve stooping and bending. Accordingly, a finding was authorized and was made by the board that a disability for this type of work existed, and a finding was demanded under the evidence that the disability, if it existed, had resulted in total impairment of earning capacity."

The record in this case, like the record in the last cited case, is without evidence of the claimant's ability to perform or procure any work other than that which would require stooping or bending and the award of compensation for a total incapacity was authorized.

Cases exemplified by *Travelers Ins. Co. v. Hurt*, 176 Ga. 153, supra, and *General Motors Corp. v. Harrison*, 107 Ga. App. 667 (131 SE2d 234), involve situations where the claimant worked after a compensable injury and was later prohibited from working for reasons not associated with such injury.

The superior court did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Hall and Russell, JJ., concur.*