## 44232. CITY OF AUGUSTA v. ROSIER.

Eberhardt, Judge. 1. "Where an employee has received an injury compensable under the compensation law, but is not thereby rendered totally unable to perform the work for which he was employed, but because of such partial inca-

pacity he is not employed and is unable to obtain work, he has not suffered total incapacity compensable under that law." *Travelers Ins. Co. v. Hurt,* 176 Ga. 153 (1) (167 SE 175). "The incapacity is total so long as the injured employee, by reason of and on account of his injury, is unable to do any work of any character, and so long as he remains, for such reason, unable either to resume his former occupation or to procure any other sort of remunerative employment suitable to his impaired physical condition." *General Acc. &c. Corp. v. McDaniel,* 44 Ga. App. 40 (160 SE 554).

2. The claimant in this case, a summer employee of the City of Augusta at the Allen Park Swimming Pool, suffered a back injury on August 21, 1967, and returned to her job as cashier on August 25, 1967, where, although business had slacked off, she continued to work until the pool closed on September 4. Since the expiring of her job claimant has been unable to find a job with similar duties and she has been unable to perform the only work she could find to do, because it required her to be on her feet eight hours a day for six days a week. Since the closing of the pool claimant has helped her daughter straightening up the house and has cooked the meals and washed the dishes most of the time. There is no evidence that her condition worsened after her job terminated at the close of the season so that she could not resume her former or similar employment. Hence, "The judge of the superior court erred in affirming the award directing payment of compensation under *Code Ann.* § 114-404. The case should be remanded with direction to enter a new award for compensation for partial disability under *Code Ann.* § 114-405, as is pointed out in the dissenting opinion filed in the award of the full board on the appeal to that body." *General Motors Corp. v. Harrison,* 107 Ga. App. 667, 671 (131 SE2d 234).

*Judgment reversed with direction. Bell, P. J., and Deen, J., concur.*

ARGUED FEBRUARY 4, 1969—DECIDED FEBRUARY 12, 1969.

*Cumming, Nixon, Eve, Waller & Capers, John D. Capers,* for appellant.

*Lanier, Powell, Cooper & Cooper, Jack L. Cooper,* for appellee.