### 44264. GEORGIA CASUALTY & SURETY COMPANY et al. v. WESBY.

WHITMAN, Judge. In this workmen's compensation case, the claimant received an eye injury. The question for decision is whether in determining the extent of loss of use of an eye, i.e., the eye's vision, the law requires such determination to be made on the basis of the naked eye's ability to see before and after the injury, or whether such determination is to be made on the basis of the injured eye's ability to see after the injury after putting corrective lenses or glasses on.

At the hearing before the deputy director, there was testimony by an opthalmologist that the claimant's visual ability in his injured eye is 20/100. With the proper corrective lens, the doctor testified that the injured eye's visual ability is 20/40. The claimant's visual ability in his other eye, 20/20, uncorrected, was unaffected by the injury.

The deputy director made no finding of fact regarding the injured eye's visual ability with corrective glasses; rather he found that the claimant has 20/100 visual ability, uncorrected, in the injured eye and 20/20 in the other eye, and that such figures were equal to a certain percentage loss of vision. An award allowing compensation based on such findings was entered. On appeal to the superior court an order was entered affirming the award of the board. This order is appealed from and enumerated as error: *Held:*

In *Dunn v. Hartford Accident &c. Co.,* 81 Ga. App. 283 (58 SE2d 245), the claimant was already wearing corrective

glasses before he was injured. Before the injury, and without these glasses, the claimant's visual ability in his left eye was bad, 80% off the visual ability of a normal eye. But with glasses on, his left eye had good vision, only 4.3% off the normal. Then he injured this eye to the extent that its visual ability was 96.7% off the normal, and, further, no improvement could be effected by wearing glasses.

In the *Dunn* case, it was argued by the employer and its insurance carrier that, in measuring Dunn's loss of vision, the difference in visual ability before and after the injury, *without glasses*, should be used. This court rejected the argument and instead affirmed the board's findings and award that the loss was the difference in Dunn's visual ability *with glasses before the injury* compared with his visual ability after the injury.

If the employee may take advantage of the fact that his vision was almost normal with glasses on before injury, then it follows that the employer may take advantage of the same fact after an injury occurs.

But as stated in the *Dunn* case, "[W]e are not to be understood as saying that where an employee suffers the loss of part of his vision which may be restored that he has lost nothing as a matter of law, the finders of fact will determine the extent of the loss in each individual case under its facts." P. 289.

No other Georgia cases bearing on the point have been called to our attention. Our own research has disclosed no others.

The trial court erred in not remanding the case to the Workmen's Compensation Board in order to make findings of fact regarding the claimant's visual ability after the injury with the benefit of corrective glasses and to give such facts consideration in making an award of compensation.

*Judgment reversed. Jordan, P. J., and Hall, J., concur.*

ARGUED FEBRUARY 5, 1969—DECIDED APRIL 10, 1969.

*Quillian & Quillian, Alfred A. Quillian,* for appellants.
Charlie Wesby, *pro se.*