## 48127. MINTER NAVAL STORES v. BELL.

HALL, Presiding Judge. The employer appeals from the judgment of the superior court affirming an award of the State Board of Workmen's Compensation.

As is ordinary practice, the full board adopted the findings of the deputy director. The issue on this appeal concerns one crucial finding of fact upon which the award was based and which the employer contends is in direct conflict with the evidence on which it was stated to be founded.

The pertinent portion reads as follows: "I find *from the testimony*

*of Dr. Luther C. McRae* that Hancel A. Bell has been temporary (sic) totally disabled since April 9, 1971 *as the result of the injury he sustained on that date."* (Emphasis supplied.) Dr. McRae, the only medical witness and claimant's attending physician for many years, testified unequivocally that claimant had several pre-existing physical conditions which were in and of themselves disabling (such as degenerative arthritis of the back, a useless arm caused by an old injury and syncopal fainting caused by angina) and that the injury of April 9, including its effect on the pre-existing conditions, would still only account for about 20 percent of the claimant's present and total disability. The claimant testified that he had been in good health prior to the injury and had missed only three months work in the past five years.

The claimant vigorously contends that the "any evidence" rule applies—that the deputy was free to reject the medical evidence and accept the claimant's statement. The judge of the superior court appears to have believed the same principle applied since he stated in his order of affirmance that "quite conceivably the deputy director considered also the testimony of the claimant . . ."

Of course, the deputy could have done exactly that; and if he had simply stated that under all the evidence he found compensable disability, then the award would be supported. The statement that he found the fact of total disability caused by the work injury from the doctor's testimony was not authorized by the specified evidence and the award cannot be based upon it. See *Fidelity & Casualty Co. v. Ledford,* 108 Ga. App. 326 (132 SE2d 858); *Bituminous Casualty Corp. v. Chambers,* 84 Ga. App. 295 (66 SE2d 196); *Wisham v. Employers Liab. Assurance Corp.,* 55 Ga. App. 778 (191 SE 489).

The judgment is reversed with instructions that the superior court remand the case to the board for further proceedings in accordance with this opinion.

*Judgment reversed with direction. Evans and Clark, JJ., concur.*
SUBMITTED MAY 7, 1973 — DECIDED JUNE 12, 1973.

*Eric L. Jones, James V. Hilburn,* for appellant.
*W. L. Salter, Jr.,* for appellee.