49517. MINTER NAVAL STORES v. BELL.

QUILLIAN, Judge.

1. The appellee filed a workmen's compensation claim for injuries which he received to his shoulder, chest and back. The State Board of Workmen's Compensation issued an award granting the claimant compensation. However, this award was reversed and remanded to the board because it stated that from the attending physician's testimony it found the appellee as a result of the injury was totally disabled, when in fact the doctor's testimony did not support such a finding (*Minter Naval Stores v. Bell,* 129 Ga. App. 186 (198 SE2d 889)). In the opinion this court held had the award "simply stated that under all the evidence" there was a compensable injury, the award would have been supported. Upon being remanded to the board the award was amended to read: "The Full Board finds from all the evidence that Hancel A. Bell has been totally disabled for work since April 9,

1971, as the result of the injury he sustained on that date." The award having been amended to conform with the opinion of this court it was supported by the evidence and must be affirmed.

2. The appellant contends that Code § 114-408 controls the situation presented in this case. With this contention we do not agree. Code § 114-408 deals with second specific member injuries stated in Code § 114-406, as amended (Ga. L. 1945, p. 406; 1955, pp. 210, 212; 1958, p. 360; 1963, pp. 141, 147; 1971, pp. 895, 896; 1973, pp. 232, 237) and not to injuries to the body as a whole which come within the provisions of Code § 114-404, as amended (Ga. L. 1937, pp. 528, 531; 1949, pp. 1357, 1358; 1955, pp. 210, 211; 1963, pp. 141, 145; 1968, pp. 3, 4; 1973, pp. 232, 235). Code § 114-408 provides if a claimant, prior to his accident arising out of his employment, has suffered a partial permanent loss of use of one of his specific members he may only recover workmen's compensation benefits for that portion of the permanent loss of use of the specific member which resulted from the employment connected injury. The compensation benefits for an injury to the body as a whole such as that sustained by the claimant in the case sub judice are determined by the claimant's loss of earning capacity and not the percent of physical disability.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED JULY 1, 1974 — DECIDED SEPTEMBER 30, 1974 — REHEARING DENIED OCTOBER 22, 1974.

*Eric L. Jones, James V. Hilburn,* for appellant.
*W. L. Salter, Jr.,* for appellee.