68377. LEE CONNELL CONSTRUCTION COMPANY et al.
v. SWANN.
(322 SE2d 736)

QUILLIAN, Presiding Judge.

This is a Workers' Compensation case for permanent loss of use of the claimant's left eye.

The claimant sustained a laceration of the cornea on November 24, 1981 for which a surgical procedure was performed in which a cataract was removed and a permanent lens was implanted.

Prior to the surgery, but subsequent to the injury, the claimant had 20/400 (industrially blind) vision of the left eye without the aid of glasses. With glasses he had 20/100 vision. After the lens implant he had 20/40 vision without glasses and 20/20 with glasses. The claimant did not wear glasses prior to the injury.

The administrative law judge awarded him compensation based on 20/40 vision. The full board reversed and awarded 100% loss of the eye, Director Paris dissenting. The superior court affirmed the board and the case is here for review. Held:

In Dunn v. Hartford Accident &c. Co., 81 Ga. App. 283 (58 SE2d 245) and Ga. Cas. &c. Co. v. Wesby, 119 Ga. App. 545 (168 SE2d 191), it was held that the proper yardstick to determine the percent of disability that a claimant is entitled to is his corrected vision with the aid of glasses prior to the injury as compared with his corrected vision after the injury. We can see no logical reason why his visual ability as aided by glasses should have any connection to determining the percent of disability caused by the injury.

We can find no other provision of the Workers' Compensation Act which applies such a rule. In fact, the intent of the Act is just the opposite. Code Ann. § 114-406.1 (j) (now OCGA § 34-9-264) dealing with the loss of hearing specifically states that the claimant's ability to hear with the use of a hearing aid shall not be considered in determining his disability.

The only logical way to determine the percent of disability to the eye is the claimant's ability to see without glasses prior to the injury as compared with his ability to see without glasses after the injury.

In this case, subsequent to the injury the claimant has a visual acuity of 20/400 (industrially blind) without glasses. He, therefore, is entitled to compensation benefits based on 20/400 vision.

Under that which was held in the *Dunn* and *Wesby* cases a claimant who sustained permanent damage and loss of vision would not be entitled to any compensation if subsequent to the injury he had 20/20 vision with the aid of glasses. This would be an injustice, because he sustained an injury on the job which resulted in a permanent partial loss of use of his eye and he should be compensated therefor.

*Dunn v. Hartford Accident &c. Co.*, 81 Ga. App. 283, supra, and *Ga. Cas. &c. Co. v. Wesby*, 119 Ga. App. 545, supra, are overruled.

While *Ga. Cas. &c. Co. v. Speller*, 122 Ga. App. 459 (177 SE2d 491) discusses the theory of whether the claimant was wearing glasses at the time of the accident, it reaches the correct conclusion, that the proper measure of loss to the eye is the uncorrected vision prior and subsequent to the injury.

The appellants contend the permanent implant is not the same as glasses. With this contention we do not agree. A lens serves the same purpose as glasses whether it is an implant or contact lens. While there are conflicting holdings in other states the sounder view is that the corrected vision with the use of a lens implant should not be considered when determining the loss of vision. Larson's Workmen's Compensation Law, Sec. 58.13.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., Banke, P. J., Birdsong, Carley, Sognier, Pope, and Benham, JJ., concur.*

DECIDED SEPTEMBER 5, 1984 —
REHEARING DENIED OCTOBER 1, 1984

*George L. Pope, Jr., Lyman M. Delk, Jr.*, for appellants.
*John M. Strain*, for appellee.