41677. LEE CONNELL CONSTRUCTION COMPANY et al.
v. SWANN.
(327 SE2d 222)

WELTNER, Justice.

We granted certiorari in this workers' compensation case to determine the effect of a permanent lens implant, in a case wherein the full board has awarded compensation based upon 100% loss of use of the claimant's eye. *Lee Connell Constr. Co. v. Swann*, 172 Ga. App. 305 (322 SE2d 736) (1984).

The claimant had not worn glasses prior to injury. After injury, his uncorrected vision was 20/400, equivalent to industrial blindness, and his vision as corrected by eyeglasses was 20/100. Following surgical removal of the injured cornea and the implant of the new, permanent lens, his uncorrected vision was 20/40 and his corrected vision 20/20.

The administrative law judge awarded compensation based upon his 20/40 vision. The full board reversed, and awarded 100% loss of use of the eye. The superior court and the Court of Appeals affirmed the award of the full board.

1. The Court of Appeals equated the permanent lens implant with the wearing of eyeglasses or contact lens. We disagree, and adopt the view — consistent with the facts of the case and the advances of medical science — that vision has been restored to the eye to the extent of the correction of visual acuity resulting from the permanent lens implant. Larson's Workmen's Compensation Law, § 58.13 (f).

2. The claimant's uncorrected vision was 20/40 after vision had been restored to the eye through the surgical procedure. The administrative law judge was authorized to enter an award based upon the claimant's need for eyeglasses after the surgical procedure to attain

20/20 corrected vision. *Ga. Cas. &c. Co. v. Speller*, 122 Ga. App. 459 (177 SE2d 491) (1970).

*Judgment reversed. All the Justices concur, except Clarke, Smith and Gregory, JJ., who dissent.*

SMITH, Justice, dissenting.

Man has not yet and almost certainly never will be able to duplicate human organs to the point where the person suffering an injury to one of his organs will be made whole after replacement.

Mr. Swann had no need for corrective lenses prior to the work related injury which left him industrially blind in one eye. The surgery did not make him whole. The surgery only provided a lens that assists him in being able to see. The lens that was implanted is supposed to be a permanent lens. But what if it is not? What is the *real status* of his eye? He is blind in that eye.

I venture to say that there is no member of this court who would swap his natural eye for a transplant and a pair of eyeglasses and believe that he had been made whole.

I am reminded of a 16-year-old boy I represented before a jury in Grady County. He was struck by an automobile. He suffered among other things a broken leg. A doctor took the stand and testified for the defendant in the case that the boy's leg had healed and healed well. He testified that the bone was stronger than ever and that the place where the break occurred was the strongest place in the boy's body. The jury was not sympathetic to my client. Within a month the boy fell from a porch on the side of his house. The mended leg, the leg with the strongest bone in the boy's body broke in the exact same spot as the original break.

Medical science has come a long way, but there is no way a doctor or anyone else can duplicate God's work, and those who suffer losses should be compensated for the *real* loss.

DECIDED MARCH 15, 1985.

*Swift, Currie, McGhee & Hiers, George L. Pope, Jr.,* for appellants.

*Mundy & Gammage, John M. Strain,* for appellee.