39485. BUTLER v. NATIONAL LEAD COMPANY.

Decided June 18, 1962.

*Grace W. Thomas*, for plaintiff in error.

*Benj. B. Blackburn, III, Woodruff, Latimer, Savell, Lane & Williams, John M. Williams*, contra.

JORDAN, Judge. "Where a claim before the State Board of Workmen's Compensation involves a question of whether the employee is disabled as the result of an occupational disease, the sole jurisdiction to decide this medical issue lies with the Medical Board, and the only jurisdiction of the Board of Workmen's Compensation is to enter an award in conformity therewith. *Code Ann.* § 114-819; *Griffith v. Employers Mutual Liability Ins. Co.*, 100 Ga. App. 157 (110 SE2d 539). The findings of the Medical Board are conclusive and not reviewable unless an appeal is made directly therefrom on statutory grounds. *Code Ann.* § 114-823 (5); *Borden Co. v. Fuerlinger*, 95 Ga. App. 556 (1) (98 SE2d 410)." *Farrill v. Travelers Ins. Co.*, 105 Ga. App. 600 (125 SE2d 562).

The record in this case does not show that the members of the Medical Board acted without and in excess of their powers in making the instant decision or that said decision was contrary to law or that there was not sufficient competent evidence to support said decision, the three statutory grounds of appeal relied upon by the claimant in this case. To the contrary, the

record shows that the Medical Board made a very thorough and exhaustive study of this case, heard testimony from eminent medical authorities in this field, and had available to them the results of the usual tests conducted to determine the presence of lead poisoning in a human being. The Medical Board after its second hearing in the matter said, "The board has stated in a previous opinion that they could not establish lead poisoning in Butler from a medical viewpoint; yet, the board would not go so far as to say that Butler may not have a masked case of lead poisoning. Perhaps his condition might have become obscured by treatment, and other influences which we do not know about; yet hematologically and chemically, lead poisoning in Butler cannot be substantiated." The report went on to say, ". . . if a diagnosis of lead poisoning was made in his case, it would have to be made purely on the fact that he had worked in a lead industry where he was exposed and nothing more."

Thus, the medical issue in this case has been decided against the claimant by the only tribunal having jurisdiction to decide the issue. There is ample evidence in the record to support the conclusion reached by the Medical Board.

Accordingly, the Superior Court of Fulton County did not err in affirming the award of the State Board of Workmen's Compensation, denying the claim.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*